Joanne T. BIVINS, Plaintiff/Appellant,

v.

HOSPITAL CORPORATION OF AMERICA, (aka HCA) a Tennessee Corporation; HCA Health Services; HCA Psychiatric Company (aka Hospital Corporation of America Psychiatric Company), a Tennessee Corporation; Ray Hayes: Charles Thompson (aka Chuck Thompson); and Philip Patton, Defendants/Appellees.

Court of Appeals of Tennessee,
Middle Section, at Nashville.

June 23, 1995.

Application for Permission to Appeal
Denied by Supreme Court
Nov. 6, 1995.

Stanton Bloom, Tucson, Arizona, Thomas F. Bloom, Nashville, for Plaintiff–Appellant.

William L. Harbison, L. Webb Campbell, II, Sherrard & Roe, Nashville, for Defendants/Appellees, C. Thompson and R. Hayes.

Robert E. Boston, Stephen W. Grace, Waller, Lansden, Dortch & Davis, Nashville, Mark E. Edwards, Nashville, for Defendants/Appellees, HCA Psy. Co. and P. Patton.

*OPINION*

TODD, Presiding Judge, Middle Section.

The plaintiff, Joanne T. Bivins, has appealed from the judgment of the Trial Court overruling her Rule 60.02 motion for relief from a previous summary judgment dismissing her suit against the captioned defendants.

Plaintiff presents two issues, of which the first is as follows:

Whether the Chancellor abused his discretion in denying the plaintiff's Tenn. R.Civ.P. 60.02 motion in order to allow a delayed appeal where a timely, albeit defective notice, had been filed in the first instance.

This issue requires a detailed examination of the unfortunate history of the case.

On August 20, 1992, a complaint was filed over the following signatures:

ATTORNEYS FOR PLAINTIFF

*/s/Stanton Bloom*
300 North Main, Suite 205
Tucson, Arizona 85701
(602) 623–5821

*/s/Joyce M. Grimes, Reg. No. 13809*
Third Floor, Noel Place
200 Fourth Avenue, North
Nashville, Tennessee 37219–0375
(615) 256–9999

On August 21, 1992, the following motion was filed:

Comes Joyce M. Grimes, co-counsel for plaintiff, Joanne T. Bivins, and moves the Court for an order allowing Stanton Bloom of the Arizona Bar to appear in this cause *pro hac vice,* pursuant to Rule 19, Rules of the Supreme Court of the State of Tennessee.

The affidavit of Stanton Bloom, is attached.

On October 22, 1992, the Trial Court entered the following order:

*Order of Admission Pro Hac Vice*

Upon motion of the plaintiff, Joanne T. Bivins, by its co-counsel, Joyce M. Grimes.

It is ordered that Stanton Bloom, of the Arizona Bar be admitted to practice in the Chancery Court for Davidson County, Tennessee, Part II, in the above-styled cause,

pursuant to Rule, 19, *Rules of the Supreme Court of the State of Tennessee.*

Rule 19(2) of the Supreme Court of Tennessee reads as follows:

No foreign lawyer may appear pro hac vice in any court of this State unless he or she has first associated a lawyer who is licensed, in good standing, resides and maintains a law office in the State of Tennessee. *The Tennessee lawyer and the lawyer appearing pro hac vice, shall sign all pleadings, motions, briefs, etc.,* and the Tennessee lawyer shall personally appear for all court proceedings, unless excused by the court in which the case is pending. (Emphasis supplied.)

On October 11, 1993, the Trial Court entered an order sustaining defendants' motions for summary judgment and dismissing plaintiff's suit with prejudice.

On October 12, 1993, "Plaintiff's Motion for Rehearing" was filed over the signature of the above mentioned Stanton Bloom. Signature of Tennessee counsel does not appear on said motion.

On October 14, 1993, the above mentioned Tennessee counsel filed a "Motion to Withdraw as Counsel," stating:

*Joyce M. Grimes Motion to Withdraw as Counsel*

Comes Joyce M. Grimes and respectfully moves the court to allow her to withdraw as counsel in the above-styled case. As grounds for this motion, movant would respectfully state:

1. Lead counsel Stanton Bloom has been a zealous advocate for the plaintiff, Ms. Bivins.

2. Mr. Bloom and the movant have philosophical differences regarding the handling of this case such that it would be improper for movant to remain as counsel in this case.

For all the above reasons, movant respectfully requests that she be allowed to immediately withdraw as counsel from this case, and that plaintiff be given sufficient time to obtain new local counsel. The affidavit of Joyce M. Grimes is attached in support of this motion.

On October 29, 1993, a notice of appeal was filed in the following form:

*Notice of Appeal*

Comes now the plaintiff, by and through her attorney, Stanton Bloom, and appeals to the Court of Appeals from the granting of the defendant's Motion for Summary Judgment on the 11th day of October, 1993.

Dated this 28th day of October, 1993.

Respectfully submitted,

*/s/Stanton Bloom*

Stanton Bloom, P.C.
Kingan Place
325 West Franklin Street
Tucson, Arizona 85701
(602) 623–5821
Attorney for Plaintiff Joanne Bivins

Said notice of appeal bears no signature of any licensed Tennessee lawyer.

On November 8, 1993, defendants filed a response to plaintiff's motion for rehearing, relying in part upon the failure of plaintiff's Tennessee lawyer to sign the motion as required by Supreme Court Rule 19.

On November 9, 1993, plaintiff filed an "Objection to the Withdrawal of Joyce M. Grimes as Counsel." The objection was signed by the above named Arizona lawyer and no Tennessee lawyer.

On November 9, 1993, the same Arizona lawyer filed a "Supplement to Motion for Rehearing" without the signature of a Tennessee lawyer. This pleading contained a certificate of service upon adversary counsel, the Trial Judge and "Court of Appeals."

On November 12, 1993, a second notice of appeal from the October 11, 1993 judgment was filed over the signature of the Arizona lawyer without joinder of a Tennessee lawyer.

On the same date, November 12, 1993, without joinder of a Tennessee lawyer, the Arizona lawyer filed a "Reply of Joanne Bivins to the Responses of Hospital Corporation of America, *et al* (all defendants) to plaintiff's Motion for Rehearing Objection to Order and Motion to Withdraw." No Tennessee lawyer joined in this document which concluded with a statement that the Trial Judge should recuse himself *nunc pro tunc.*

On November 16, 1993, the Trial Court entered an order granting the motion of Tennessee counsel to withdraw, releasing Tennessee counsel from suretyship for cost and allowing plaintiff 45 days to obtain local counsel.

On November 18, 1993, the Trial Court entered an order reading as follows:

This matter came on to be heard on November 12, 1993, on plaintiff's "Motion for Rehearing of the Granting of Defendants' Motion for Summary Judgment and Objection to Chancellor High's Order Dismissing the Case With Prejudice Received on October 7, 1993;" her "Supplement to Plaintiff's Motion for Rehearing of the Granting of Defendants' Motion for Summary Judgment and Objection of Chancellor High's Order Dismissing the Case with Prejudice;" the other pleadings filed by plaintiff on November 12, 1993; the written responses of the respective defendants to those pleadings; argument of counsel for the parties in open court; and the entire record herein, from all of which the Court finds that plaintiff's Motion and other requested relief is not well taken and should be denied in its entirety.

It is, therefore, ordered as follows:

1. The relief sought by plaintiff in the above-captioned motion and as explained in her documents filed in support thereof, including those filed with the Clerk and Master on November 12, 1993, is denied in its entirety.

2. Plaintiff shall be allowed until and including Monday, November 29, 1993, within which to obtain substitute local counsel.

All other matters are reserved pending further order of the Court.

On December 2, 1993, the same Arizona lawyer filed a motion to extend the time for obtaining local counsel for 21 days. No Tennessee lawyer signed this motion.

On December 9, 1993, the same Arizona lawyer signed and filed a "Designation of Record" without joinder of Tennessee counsel.

On January 26, 1994, a document entitled "Association of Counsel" was filed over the signatures of Arizona counsel and Robert E. Kolarich, of the Tennessee bar. Said document read as follows:

Comes now the plaintiff, Joanne T. Bivins, by and through her attorney, Stanton Bloom, and hereby moves this Honorable Court for an order allowing Robert E. Kolarich, a licensed attorney in the State of Tennessee, to appear as co-counsel, for purposes of further pleadings in the Chancery Court, and for purposes of appeal in the Tennessee Court of Appeals.

On May 20, 1994, this Court entered the following order:

The Clerk of this Court has received from the Trial Clerk, two records in the captioned case, which records have received separate appeal numbers. Each of said records contains a notice of appeal bearing the following signature:

/s/Stanton Bloom
Stanton Bloom, P.C.
Kingan Place
325 West Franklin Street
Tucson, Arizona 85701
(602) 623–5821
Attorney for Plaintiff Joanne Bivins

Supreme Court Rule 19(2) provides as follows:

No foreign lawyer may appear pro hac vice in any court of this State unless he or she has first associated a lawyer who is licensed, in good standing, resides and maintains a law office in the State of Tennessee. The Tennessee lawyer and the lawyer appearing pro hac vice, shall sign all pleadings, motions, briefs, etc., and the Tennessee lawyer shall personally appear for all court proceedings, unless excused by the court in which the case is pending.

It appears that said notice of appeal violates the quoted rule and therefore was and is invalid and was not eligible for filing with the Trial Clerk.

The records contain no evidence of any valid action to confer jurisdiction upon this Court.

It is therefore ordered that said records be returned to the Trial Clerk.

On June 30, 1994, this Court entered an order denying plaintiff's petition to rehear. There is no record of any application to the Supreme Court for review of the action of this Court.

On July 1, 1994, Robert E. Kolarich moved the Trial Court to allow him to withdraw.

On July 15, 1994, the same Arizona lawyer filed opposition to the motion to withdraw and stated:

Wherefore the plaintiff requests that this court issue an order *nunc pro tunc*, so that a notice of appeal could be filed with local counsel's name and signature. In the alternative, the plaintiff requests an additional time of sixty (60) days in which to attempt to find suitable local counsel (for the third time) to aid in the filing of the plaintiff's brief in the Court of Appeals.

On July 28, 1994, the Trial Court entered an order overruling the motion to withdraw on the ground of lack of jurisdiction.

On September 16, 1994, a third Tennessee lawyer filed in the Trial Court the following "Notice of Appearance":

Comes now, Thomas F. Bloom, and files Notice of Appearance in the above-captioned case as co-counsel for the plaintiff. Mr. Bloom requests that he be listed as an attorney of record in this case and that he receive all future correspondence and documents related to it.

/s/*Thomas F. Bloom*
500 Church Street, 5th Fl.
Nashville, Tennessee 37219
BPR No. 0011950
(615) 242–3996

On the same date, September 16, 1994, the third Tennessee lawyer joined with the Arizona lawyer in filing the Rule 60.02 motion which is the subject of this appeal. Said motion read as follows:

Comes now the plaintiff, by and through counsel, and moves the Court to set aside the Orders entered in the above-captioned case on October 11, 1993 and November 18, 1993 pursuant to Tenn.R.Civ.P. 60.02. The Plaintiff requests that the Court then

re-enter the final order so as to permit the Plaintiff to file Notice of Appeal.

For cause, the Plaintiff would show the Court that her attorney *pro hac vice* filed a timely Notice of Appeal from the final order. However, the local attorney had withdrawn herself from the case at that time thus precluding her signature on the Notice of Appeal. The Plaintiff would further show that diligent efforts were unsuccessful in retaining a substitute local counsel prior to the expiration of the thirty day time limit for filing Notice of Appeal. As a result, the appeal was dismissed by the Court of Appeals on jurisdictional grounds on May 26, 1994 for failure to comply with Supreme Court Rule 19(2). Petition for Reconsideration was dismissed on June 29, 1994.

The Plaintiff asks that she be relieved from the judgment entered in this case based upon the grounds of mistake, inadvertence, surprise, and excusable neglect, or, alternatively, for other reasons justifying relief from the operation of the judgment.

In support [of] this motion, the Plaintiff relies upon the Affidavit attached as Exhibit A hereto and the Memorandum of Law in support of this motion.

On October 31, 1994, the Trial Court entered the following order:

This matter came on for hearing on October 21, 1994, pursuant to plaintiff's motion based on Rule 60 of the Tennessee Rules of Civil Procedure. Based upon this motion, the related briefs and affidavits, the arguments of counsel at the hearing, and the record as a whole, the Court hereby exercises its discretion and orders that plaintiff's motion is denied.

T.R.C.P. Rule 60.02 reads in pertinent part as follows:

**Mistakes—Inadvertence—Excusable Neglect—Fraud, etc.**—On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; ... or (5) any other reason justifying relief from the operation of the judgment. ...

■ Rule 60.02 is not meant to be used in every case in which the circumstances of a party change after the entry of a judgment or order. It is meant to be used only in those few cases that meet one or more of the criteria stated in the rule. *Toney v. Mueller Company,* Tenn.1991, 810 S.W.2d 145.

■ Despite its broad language, Rule 60.02(5) is construed narrowly. Its standards are more demanding than those applicable to other grounds for Rule 60.02 relief. *NCNB Nat'l. Bank of North Carolina v. Thrailkill,* Tenn.App.1993, 856 S.W.2d 150.

■ The mere fact that a lawyer is ignorant of the rules or mistakenly reads the rules is not within itself reason to invoke Rule 60.02(1). *Kilby v. Sivley,* Tenn.App. 1987, 745 S.W.2d 284.

■ As a prerequisite to the extraordinary relief available under Rule 60.02(1), the movant is required to set forth in a motion, petition or supporting affidavits, facts explaining why movant was justified in failing to avoid mistake, inadvertence, surprise or neglect. *Turner v. Turner,* Tenn.App.1988, 776 S.W.2d 88.

■ The burden of proof is on the party seeking relief from a judgment under Rule 60.02 to show facts giving rise to the relief. *Nelson v. Simpson,* Tenn.App.1991, 826 S.W.2d 483.

■ The scope of review of a judgment overruling a Rule 60.02 motion is whether the Trial Judge abused his discretion. *Underwood v. Zurich Ins. Co.,* Tenn.1993, 854 S.W.2d 94; *Toney v. Mueller Company,* Tenn.1991, 810 S.W.2d 145.

Any person may conduct and manage his own case in any court of Tennessee. T.C.A. § 23–1–109.

No person shall practice law as an attorney, solicitor, or counselor in this State without a license issued by the Supreme Court of the State. T.C.A. § 23–1–108.

A person so licensed has the power to execute, in the name of the client, all papers necessary and proper for the prosecution of the suit at any stage. T.C.A. § 23–1–108.

The practice of law without a license is a Class A Misdemeanor. T.C.A. § 23-3-103.

The purpose of the statute regulating the practice of law is to insure the public the highest quality of service possible from those offering their services to the public for a consideration. *Haverty Furniture Co. v. Foust,* 174 Tenn. 203, 124 S.W.2d 694 (1937).

■ Proceedings in a suit by a person not entitled to practice are a nullity. 7 C.J.S. Attorney and Client § 31, p. 869, n. 13, citing decisions from Arkansas, California, Colorado, Missouri, Nebraska, New York, Pennsylvania and South Dakota.

■ The signature of an unauthorized attorney may be stricken. *Ibid.*

■ An attempted appeal of a person not licensed to practice law, purporting to represent another, will be dismissed. *Ibid.* n. 20.

■ In the present case, the orders entered by this Court on May 20 and June 30, 1994, were an adjudication that the purported notice of appeal, unsigned by the appellant or by a duly authorized attorney at law, was a nullity. No timely application was filed with the Supreme Court for a review of this decision which thereby became final and the law of the case. *Life & Casualty Ins. Co. v. Jett,* 175 Tenn. 295, 133 S.W.2d 997 (1940); *Ernst v. Bennett,* 38 Tenn.App. 271, 273 S.W.2d 492 (1955); *Underwood v. Martin,* 2 Tenn. (2 Overton) 190 (1812).

The recitation of proceedings is a tragedy of errors.

At the time of the attempted appeal, the Tennessee attorney had not been granted leave to withdraw and was obligated to continue serving the client until such leave was granted. There is no evidence that the Arizona lawyer requested the Tennessee lawyer to sign the notice of appeal with him. Indeed, the Arizona lawyer stated at the bar of this Court that he did not do so.

If the signature of a Tennessee lawyer was not available, the signature of the plaintiff alone would have been sufficient. If the Arizona lawyer had familiarized himself with Tennessee law or had consulted a Tennessee lawyer, he would have learned of this alternative.

Plaintiff's brief relies upon the failure of the first Tennessee lawyer to advise the Arizona lawyer that the signature of a Tennessee lawyer was required on a notice of appeal. The order permitting said lawyer to appear stated that he was admitted pursuant to Rule 19 of the Supreme Court. Surely he familiarized himself with Rule 19, quoted above, which requires that the signature of a Tennessee lawyer accompany that of the *pro hac vice* lawyer.

On November 8, 1993, defendants filed their "Response to Plaintiff's Motion for Rehearing" in which attention was called to Rule 19 and its violation by failure to include the signature of a Tennessee attorney on the Motion for Rehearing. Thus, on November 8, 1993, Arizona counsel was aware of the requirements of Rule 19. The motion for rehearing was overruled on November 18, and the last day for filing notice of appeal was December 18, so that there was adequate time to produce a notice of appeal signed by plaintiff or a Tennessee attorney.

Plaintiff next argues that the Trial Clerk accepted and filed the purported notice of appeal. Trial Clerks have no authority to validate an invalid act or to confer jurisdiction upon this Court which is not conferred by law. The same is true of the failure of the Trial Court to rule upon defendant's objections to consideration of the Motion to Rehear.

Plaintiff argues that she was "literally abandoned" by her first Tennessee lawyer. As heretofore stated, there is no evidence that plaintiff's Arizona lawyer called upon the Tennessee lawyer to sign the notice of appeal. Until the Tennessee lawyer had refused a demand to perform a duty, plaintiff was not "abandoned." Moreover, as previously pointed out, plaintiff was free to sign the notice of appeal herself.

Plaintiff cites a number of Tennessee authorities, but none which would condone the persistent continuation of violation of the conditions of a *pro hac vice* appearance because of "ignorance that the violation would be fatal." The evidence does not satisfy this

Court, as it failed to satisfy the Trial Judge, that the Arizona lawyer made reasonable efforts to produce and file a valid notice of appeal. There are national law lists from which he could procure the name of a suitable Tennessee lawyer who, for a nominal charge, would sign a notice of appeal or advise of the plaintiff's right to sign it without a lawyer.

■ The failure to take legal steps to protect ones own interests precludes relief under Rule 60.02. *Hopkins v. Hopkins,* Tenn.1978, 572 S.W.2d 639.

Counsel's ignorance of law or Rules does not justify Rule 60 relief. *Food Lion, Inc. v. Washington County Beer Board,* Tenn.1985, 700 S.W.2d 893;. *Algee v. State Farm Gen. Ins. Co.,* Tenn.App.1994, 890 S.W.2d 445.

The circumstances of this case do not bring it within the protection of Rule 60.02.

Plaintiff's second issue is:

Whether the defendants' Motion to Dismiss the Appeal, which was denied, should be declared frivolous and whether, regardless of the outcome of this appeal, the majority of costs should be assessed against the defendants for their needless expansion of the record on appeal.

Defendant's motion to dismiss was not frivolous.

Plaintiff's request for taxation of part of appellate costs against defendants is not supported by adequate citation of details of unnecessary parts of the record. The only citation to the record cited to support this request is "R 387–392," which consists of a letter from plaintiff's counsel and a three page hand written document which appears to be a joint designation of contents of the record, from which this Court is unable to make any definitive determination.

The unfortunate outcome of this litigation is clearly the result of improvident actions and omissions of plaintiff's counsel, and not the defendants or their counsel.

The judgment of the Trial Court is affirmed. Costs of this appeal are taxed against the plaintiff. The cause is remanded to the Trial Court for any necessary further proceedings.

Affirmed and Remanded.

LEWIS and CANTRELL, JJ., concur.