BROOKRIDGE APARTMENTS, LTD., )

    Plaintiff-Appellant, )

v. ) Appeal No.
) 01A01-9709-CV-00523

UNIVERSAL CONSTRUCTORS, INC.,)
BADGER-BOGLE ARCHITECTS, P.C.,) Davidson Circuit
BOYD BOGLE, III, and GEORGE ) No. 90C-2821
VOLAK, )
)
    Defendants-Appellees. )

**FILED**

**August 5, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE


APPEALED FROM THE THIRD CIRCUIT COURT FOR DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE BARBARA HAYNES, JUDGE

JOHN H. ROWLAND and SCOTT D. CAREY, BAKER
DONELSON, BEARMAN & CALDWELL
A Professional Corporation
1700 Nashville City Center
511 Union Street
Nashville, Tennessee 37219
    For Plaintiff-Appellant.

DARRELL G. TOWNSEND and DERRICK C. SMITH
HOWELL & FISHER, PLLC
Court Square Building
300 James Robertson Parkway
Nashville, Tennessee 37201-1107
    For Defendant-Appellee Universal Constructors, Inc.

JOHN W. HEACOCK
2100 First Union Tower
150 Fourth Avenue, North
Nashville, Tennessee 37219
    For Defendant-Appellee Badger-Bogle Architects, P.C., Boyd Bogle, III, and
George Volak.

**AFFIRMED AND REMANDED**

**HERSCHEL P. FRANKS, JUDGE**

CONCUR:
GODDARD, P.J.
McMURRAY, J.

Plaintiff appeals to this Court on the refusal by the Trial Judge to grant plaintiff relief pursuant to Tennessee Rules of Procedure, 60.02(1). The underlying action was dismissed on July 23, 1996 by the Trial Judge "for want of prosecution." On July 18, 1997, plaintiff filed a motion to set aside the judgment pursuant to Rule 60, T.R.C.P. on the ground the judgment was entered because of mistake, inadvertence, and excusable neglect. The motion explained that the plaintiffs "former counsel William J. Hart, did not receive notice from the Court that the case would be dismissed for lack of prosecution pursuant to local Rule 37.02."

By way of background, the original action was filed on August 20, 1990. On August 22, 1994, an order was entered to either set the case for trial or obtain permission to be exempt from the Court's local "one-year rule." On September 22, 1994, attorney William J. Hart, attorney of record for the plaintiff, filed a motion for an exemption and an order of exemption was entered on November 8, 1994. On October 27, 1995, the Clerk again mailed a notice to the attorneys for the parties that the case must be sent for trial or application must be made for an exemption from the local Rule. On November 17, 1995, attorney George M. Allen filed a motion on behalf of the plaintiff for an exemption from the local Rule. The motion was not acted upon and on July 23, 1996, the case was ordered dismissed by the Trial Judge for failure to comply with the local Rules of Court.

On July 18, 1997, plaintiff filed a motion to substitute the law firm of Baker, Donelson, Bearman and Caldwell for attorney William J. Hart, as counsel of record in the case, and also filed the motion to set aside the judgment. The motion appended the affidavit of George M. Allen, who stated that he was attorney and that William J. Hart had sought his help in the case, since Hart was leaving the practice of

2

law and moving to Texas. He reiterated that he filed a motion on behalf of the plaintiff on December 1, 1995, moving for an exemption from the one-year rule. He further stated that he did not formally enter an appearance on behalf of the plaintiff, that no action was taken on his motions, and that he first learned that the case had been dismissed on September 10, 1996 from a phone call from William J. Hart who had received a statement of costs on September 6, 1996, from the Davidson County Clerk's office. The affidavit of William J. Hart was also attached wherein he stated he had practiced law in Tennessee from 1992, until 1994, and was an attorney of record for the plaintiff in the original case. He further stated that in 1995 he moved to Texas and "sought George M. Allen's help in this case." He then reiterated that he received a statement of costs in the case on September 6, 1996, called the Clerk and for the first time learned it had been dismissed on July 23, 1996 for lack of prosecution. He denied receiving any notice of impending dismissal for lack of prosecution, and concluded that he was no longer practicing law.

Plaintiff forcibly insists that the neglect of its former counsel should be characterized as "excusable neglect" within the meaning of the Rule, and relies on *Campbell v. Archer*, 555 S.W.2d 110 (Tenn. 1977). Relief in *Archer* was granted in response to a Rule 59, T.R.C.P. motion. Rule 60, provides a procedure to be employed when a judgment has become final and relief under that Rule is extraordinary in nature. *See Bivins v. Hospital Corp. of America*, 910 S.W.2d 441 (Tenn. App. 1995). Under this Rule, the party seeking relief bears a heavy burden of demonstrating that they are entitled to relief, and while in some limited circumstances negligence of the parties' counsel has been found to be excusable neglect, it is generally held that negligence of counsel may not be characterized as excusable neglect. *See First National Bank of Polk County v. Gross*, 912 S.W.2d 147 (Tenn. App. 1995); *Kilby v. Sivley*, 745 S.W.2d 284 (Tenn. App. 1987); *Fielder v. Lakesite*

3

*Enterprises, Inc.*, 871 S.W.2d 157 (Tenn. App. 1993).  Indeed, our Supreme Court has said "carelessness is not synonymous with an excusable neglect", *Food Lion Inc., v. Washington County Beer Board*, 700 S.W.2d 893 (Tenn. 1985).

In the underlying case, it is beyond dispute that plaintiff's attorney of record left the jurisdiction without properly arranging for substitute counsel.  The dismissal of this case was the result of plaintiff's attorney's failure to properly represent his client.  This, in our view, is not excusable neglect.  The Sixth Circuit Court of Appeals in *The United States of America v. $100,375.00 in U.S. Currency*, 70 F.3d 438 (1995), quoted from one of its fellow circuits, which we also quote with approval:

> If the lawyer's neglect protected the client from all ill consequences, neglect would become all too common.  It would be a free good - the neglect would protect the client, and because the client could not suffer the lawyer would not suffer either.

15 F.3d 634.

We hold that the neglect of plaintiff's counsel is not excusable neglect within the meaning of Rule 60, and we find that the Trial Judge did not abuse her discretion in refusing to reinstatement this case which had languished on the docket for several years.

We have considered the remaining issues and find them to be without merit, and remand the case to the Trial Court with cost of the appeal assessed to the appellant.

_____
_____
Herschel P. Franks, J.

CONCUR:


_____
Houston M. Goddard, P.J.

_____
Don T. McMurray, J.