IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE

**LINDA BEARD V. JAMES WILLIAM BRANSON ET AL.**

**Circuit Court for Houston County
No. 1368**

---

**No. M2014-01770-COA-R3-CV – Filed April 26, 2016**

---

**OPINION ON PETITION TO REHEAR**

In an opinion filed on March 31, 2016, we reversed the judgment of the trial court on the grounds that the wrongful death claims were barred by the statute of limitations because the only complaint filed prior to the running of the limitations period was void. The appellee, Linda Beard ("Plaintiff"), timely filed a petition for rehearing pursuant to Tenn. R. Civ. P. 39 in which she contends the filing of the pro se complaint by the decedent's surviving spouse, Denver Hartley, tolled the statute of limitations even if his filing constituted the unauthorized practice of law. She also contends the pro se complaint filed by Mr. Hartley was voidable, not void; therefore, the deficiency could be remedied pursuant to Tenn. R. Civ. P. 11. Further, she contends the amended complaint, which was duly signed by a licensed attorney, should relate back to the filing of Mr. Hartley's pro se complaint pursuant to Tenn. R. Civ. P. 17.01.

Plaintiff contends we erroneously relied on *Bivins v. Hosp. Corp. of Am.*, 910 S.W.2d 441 (Tenn. Ct. App. 1995), to conclude that the complaint filed by Mr. Hartley did not toll the running of the statute of limitations. We acknowledge, as Plaintiff correctly states, that "*Bivins* was not a statute of limitations case." Nevertheless, *Bivins* and other authorities identified in our opinion, clearly hold that a jurisdictional notice or jurisdictional pleading, such as a notice of appeal or complaint, filed by a non-attorney in a representative capacity is a nullity. *See id.* at 447 (citing 7 C.J.S Attorney and Client § 31, p. 869, n.13 & n.20) (holding that "the purported notice of appeal" unsigned by the appellant or by a duly authorized attorney at law was a nullity); *Investors Grp., I Ltd. v. Knoxville's Cmty. Dev. Corp.*, No. E1999-00395-COA-R3-CV, 2001 WL 839837, at *2 (Tenn. Ct. App. July 25, 2001) (holding that a complaint filed on behalf of a limited partnership and signed only by a non-attorney was "void"); *Vandergriff v. ParkRidge E. Hosp.*, No. E2014-02253-COA-R3-CV, __S.W.3d__, 2015 WL 9943593, at *4 (Tenn. Ct. App. Aug. 21, 2015) (stating that proceedings in a suit by a person not entitled to practice law are a "nullity"). Because the complaint filed by Mr. Hartley was a nullity, it did not toll the running of the statute of limitations.

Plaintiff also contends we erroneously relied on *Investors Group, I Ltd.*, 2001 WL 839837, in holding that the pro se complaint filed by Mr. Hartley was void instead of being voidable. In *Investors Group* we affirmed the trial court's dismissal of the complaint as being "void" because the complaint, which was filed on behalf of a limited partnership, Investors Group, I Ltd., was signed by a non-lawyer, Roger Cameron, who was acting in a representative capacity. *Id.* at *2. The dispositive facts and the relevant portion of the court's ruling read as follows:

> At the outset, it is necessary to observe that the plaintiff is a Tennessee Limited Partnership styled Investors Group I, Ltd. Roger Cameron, described as the sole General Partner, is not a party to this action. He signed and filed the complaint on behalf of Investors Group I, Ltd. He is not an attorney. If Investors Group I, Ltd. is a legal entity, it cannot appear pro se.
>
> * * *
>
> We hold that a Limited Partnership is an entity under Tennessee law, and that a general partner, who is not a licensed attorney, cannot sign and file a complaint on its behalf, pursuant to the mandates of *Old Hickory Engineering and Mach. Co. Inc.*, supra. We therefore agree with the Chancellor that the complaint is void. The appearance of counsel 53 days after service of the motion to dismiss did not satisfy the requirement of promptness in curing the defect. *Cf. Old Hickory*, supra wherein the lapse was 37 days, and *Doyle Shirt Mfg. Corp. v. O'Mara*, 1999 Tenn. App. Lexis 230, wherein the lapse was 45 days.

*Id.*

Although the trial court found the *Investors Group* complaint "void," and we affirmed that ruling, Plaintiff contends that the last sentence in the above quote rendered the complaint in that case voidable, not void. We respectfully disagree.

Plaintiff notes in her petition for rehearing that, "if the Court had intended to hold the filing of such a complaint void *ab initio*, there would have been no reason to assess the promptness of any effort to remedy the deficiency." In the *Investors Group* opinion, the promptness of a remedial effort was not germane to the dispositive issue, nor was the statement regarding promptness necessary in our affirmance of the trial court's ruling that the complaint was void; therefore, it was dicta. *See Bellar v. Nat'l Motor Fleets, Inc.*, 450 S.W.2d 312, 313-14 (Tenn. 1970) ("Dictum is an opinion expressed by a court upon some question of law which is not necessary to the decision of the case before it."). "Court decisions must be read with special reference to the questions involved and necessary to be decided, and language used which is not decisive of the case or decided

therein is not binding as precedent." *Shepherd Fleets, Inc. v. Opryland USA, Inc.*, 759 S.W.2d 914, 922 (Tenn. Ct. App. 1988) (citing *Rush v. Chattanooga DuPont Emp. Credit Union*, 358 S.W.2d 333 (Tenn. 1962)). Therefore, the unnecessary statement regarding prompt remedial action in the *Investors Group* opinion has no precedential value. Moreover, we respectfully disagree with the notion that a void complaint, one that is a nullity, can be remedied. For the foregoing reasons, we respectfully disagree with Plaintiff's contention that the *Investors Group* complaint was "voidable" for such an interpretation is in direct conflict with the trial court's ruling that the complaint was "void," which ruling we affirmed.

Plaintiff also relies on *Old Hickory Engineering & Machine Company, Inc. v. Henry*, 937 S.W.2d 782 (Tenn. 1996), wherein our Supreme Court stated that the 1995 amendment to Tenn. R. Civ. P. 11 provides: "An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party." *Id*. at 786. Significantly, however, the court expressly stated that the "amendment is not applicable to this case." Because the amendment to Tenn. R. Civ. P. 11 was not applicable to the issues on appeal in *Old Hickory*, it is not binding as precedent. *See Rush*, 358 S.W.2d at 350 ("Every decision must be read with special reference to the questions involved and necessary to be decided, and language used not decisive of the case or decided therein is not binding as a precedent."); *see also Shepherd Fleets, Inc.*, 759 S.W.2d at 922. Nevertheless, we respect the statement by the Supreme Court in *Old Hickory* that the 1995 amendment to Tenn. R. Civ. P. 11 "is declarative of the policy and practice regulating court proceedings in that particular."[1] *Old Hickory Eng'g & Mach. Co., Inc*., 937 S.W.2d at 786.

The foregoing notwithstanding, we believe the dispositive factor is whether the "unsigned paper" or "pleading" to be amended pursuant to Rule 11 is a "jurisdictional" paper or pleading, such as a complaint or notice of appeal, or a non-jurisdictional paper

---

[1] The relevant portion of the Supreme Court ruling in *Old Hickory* reads:

> Based on the principle declared by this amendment, the status of the complaint on the date it was filed was as though it contained no signature, and, because of that deficiency, it was subject to being stricken from the record. The construction most favorable to the plaintiff in this case is that the plaintiff was notified of the fatal deficiency in the complaint by the defendant's motion to dismiss on April 13, 1994, and the plaintiff took no action until its attorney filed a notice of appearance on May 20, 1994. That is not "prompt" action. In addition, filing notice of appearance did not correct the deficiency. Merely advising the court of representation did not constitute the certification required by the rule. The action by the plaintiff's lawyer did not cure the deficiency in time or substance.

*Old Hickory Eng'g & Mach. Co., Inc*., 937 S.W.2d at 786.

or pleading that is filed after the trial court has obtained jurisdiction.[2] The point being, although an unsigned paper filed in the latter situation has no bearing on the court's authority to hear a case, if the "unsigned paper" is a jurisdictional notice of appeal or complaint, then the court does not obtain jurisdiction over the matter. *See Bivins*, 910 S.W.2d at 447; *see also Vandergriff*, 2015 WL 9943593, at *6. For example, in *Vandergriff* we concluded that a complaint signed only by a non-lawyer who was attempting to assert the claim of another in a representative capacity was *void*, a *nullity*, and of *no legal effect* and, because the complaint was void, the trial court never obtained jurisdiction. *See Vandergriff*, 2015 WL 9943593, at *5-6. As we explained:

> Something that is "void" has no legal effect. *See* Black's Law Dictionary 1349 (9th ed.2010). Another legal dictionary defines "void" as "absolutely null," going on to describe an order that is "void *ab initio*" as "that which is void in the beginning, [which] cannot be cured by waiver, acquiescence or lapse of time." Bryan A. Garner, A Modern Legal Dictionary 920 (2d ed.2005). *Because the complaint was void as to Catherine's claims, it was insufficient to commence an action on her behalf, and neither Catherine nor her claims were properly before the trial court*. *See* Tenn. R. Civ. P. 3 (providing that every civil action commences when a complaint is filed). This is of the utmost significance because a decree is "void as to any person shown by the record itself not to have been before the Court in person, or by representation." *See Gentry v. Gentry*, 924 S.W.2d 678, 680 (Tenn. 1996) (emphasis added); *see also Tate v. Ault*, 771 S.W.2d 416, 419 (Tenn. Ct. App. 1988) (noting that a judgment is void if the court rendering it lacked jurisdiction over the subject matter or the parties). For the reasons stated above, neither Catherine nor her claims were before the trial court; therefore, the trial court's judgment is void to the extent it ruled on the merits of Catherine's purported claims. *See Gentry*, 924 S.W.2d at 680.

*Id.* at *6 (emphasis added).

With the foregoing in mind, we turn our attention to consider the office of Tenn. R. Civ. P. 11 in relation to a void complaint. As is the case with all Tennessee Rules of Civil Procedure, Rule 11 applies to civil actions. "All civil actions are commenced by filing a complaint with the clerk of the court." Tenn. R. Civ. P. 3. The filing of a void complaint is a nullity, which has no legal effect. *See Bivins*, 910 S.W.2d at 447; *see also Vandergriff*, 2015 WL 9943593, at *6. Therefore, the filing of a void complaint does not commence a civil action. Because the filing of a void complaint does not commence a civil action, Rule 11 has no office in relation to a void complaint. For these reasons, we conclude that Tenn. R. Civ. P. 11 is not available to cure a void complaint.

---

[2] Tenn. R. Civ. P. 11 uses the phrase "unsigned paper" not pleading.

Moreover if Rule 11.01 were applicable, it would not provide a basis for relief due to Plaintiff's failure to promptly correct the deficiency. The rule reads in pertinent part:

> Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party. . . . An unsigned paper shall be stricken unless omission of the signature is *corrected promptly after being called to the attention of the attorney or party*.

Tenn. R. Civ. P. 11.01 (emphasis added).

Our courts have considered what is required for a correction to be considered "prompt" under this rule. *See Old Hickory Engineering and Mach. Co., Inc.,* 937 S.W.2d at 786 (delay of 37 days was not prompt); *Doyle Shirt Mfg. Corp. v. O'Mara*, 1999 WL 187160, at *3 (Tenn. Ct. App. April 7, 1999) (delay of 45 days was not prompt); *Investors Group, I Ltd*., 2001 WL 839837, at *2 (appearance of counsel 53 days after service of motion to dismiss did not satisfy the promptness requirement). In this case, Trinity brought the complaint's deficiency to Plaintiff's attention on November 1, 2005, when it filed its motion to dismiss. Plaintiff did not address the deficiency until 121 days later, on March 2, 2006, when he filed a corrected complaint signed by an attorney. Therefore, the corrective action was not sufficiently "prompt."[3]

Plaintiff also contends that the amended complaint, which was duly signed by a licensed attorney and filed after the statute of limitations had run, should relate back to the initial filing date given the policy of liberality in allowing the addition or substitution of parties in wrongful death cases. Again, we respectfully disagree.

Plaintiff correctly notes that there is a policy of "liberality . . . in allowing the addition or substitution of a proper party plaintiff for an improper plaintiff" under Tenn. R. Civ. P. 17.01. *See Chapman v. King*, 572 S.W.2d 925 (Tenn. 1978). However, in each of the cases Plaintiff relies upon there was a viable complaint wherein a party could be added or substituted. Here, the complaint Plaintiff seeks to amend does not exist, it is a nullity because it was void *ab initio* and "there can be no 'relation back' to a pleading . . . that was a nullity from the start." *In re A.S.C.*, No. E2013-01830-COA-R3-PT, 2014 WL 4269114, at *6 (Tenn. Ct. App. Aug. 29. 2014). Because the complaint filed by Mr.

---

[3] The deficiency in the initial complaint was brought to the attention of Plaintiff when Trinity filed its Rule 12 motion to dismiss; therefore, the time within which Plaintiff could promptly correct the deficiency began at that time. *See* Tenn. R. Civ. P. 11.01 ("[A]n unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.").

Hartley was a nullity, there was no complaint to which the amended complaint could relate back.

For the forgoing reasons, we respectfully deny the petition to rehear and supplement our original opinion with the foregoing, which shall become part of the court's decision in this matter.

Costs are assessed to the appellee, Linda Beard.

PER CURIUM