IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 30, 2016

## SAMUEL C. CLEMMONS, ET AL. v. JOHNNY NESMITH

**Appeal from the Chancery Court for Williamson County**
**No. 43480     Michael Binkley, Judge**
_____

**No. M2016-01971-COA-T10B-CV- Filed November 4, 2016**
_____

In this accelerated interlocutory appeal, Appellants appeal from separate orders denying two motions for recusal filed in this case. As to denial of the first motion for recusal, we hold that Appellants failed to file a timely appeal pursuant to Rule 10B of Rules of the Supreme Court of Tennessee. As to the denial of the second recusal motion, we hold that the recusal motion was ineffective because it was not signed by local counsel as required by Rule 19 of the Rules of the Supreme Court of Tennessee. In the absence of a timely filed appeal from an effective recusal motion, we dismiss this appeal.

### Tenn. R. App. P. 10B Interlocutory Appeal; Appeal Dismissed

J. STEVEN STAFFORD, P.J.,W.S., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and RICHARD H. DINKINS, J., joined.

Joshua David Wilson, Brentwood, Tennessee, for the appellants, Samuel C. Clemmons, and Shannon N. Clemmons.

Virginia Lee Story, Franklin, Tennessee, and Kathryn Lynn Yarbrough, Nashville, Tennessee, for the appellee, Johnny Nesmith.

### OPINION

BACKGROUND

This is an appeal from the denial of two motions for recusal. We will only discuss the procedural history of this case as it directly relates to this accelerated interlocutory appeal. On August 4, 2014, Defendants/Appellants Samuel C. Clemmons and Shannon N. Clemmons (together with Mr. Clemmons, "Appellants"), along with their company, Elite Emergency, LLC filed a lawsuit in Williamson County Circuit Court ("circuit court case") against Johnny Nesmith, Russell Morrow, Wanda Jones, Kelly Pendergrass, Tiffany Jones, and other parties. On August 27, 2014, Plaintiff/Appellee Mr. Nesmith

filed an action against Appellants in the Williamson County Chancery Court ("chancery court case"). Appellants thereafter filed a motion to dismiss the chancery court case, arguing that the claims asserted therein were compulsory counter-claims that must be raised in the pending circuit court case. This appeal results solely from the chancery court case.

Appellants allege that while the motion to dismiss was pending, Judges Joseph A. Woodruff and Michael Binkley engaged in an ex parte communication with counsel for some of the defendants in the circuit court case. The alleged communication took place on November 21, 2014. On November 25, 2014, Judge Woodruff entered an order sua sponte staying discovery in the circuit court case.

The trial court, Judge Binkley presiding, eventually denied the motion to dismiss the chancery court case by order of March 31, 2015. Appellants thereafter filed a motion to consolidate the two cases for limited discovery purposes, which was eventually granted by agreement of the parties. The parties engaged in several discovery disputes, including a dispute over whether the discovery stay in the circuit court case should be lifted. Eventually, the stay was lifted less than a month before the scheduled trial date in the chancery court case. Despite this order, the parties continued to engage in discovery disputes, which included the manner in which discovery was to be served and the over-breadth of certain discovery requests.

Eventually, on April 15, 2016, Appellants filed their first motion for disqualification in the chancery court case. In their motion, Appellants raised the existence of the alleged November 21, 2014 ex parte communication between Judges Woodruff and Binkley and counsel for some of the defendants in the circuit court case. The parties proceeded to trial on April 25, 2016, but the trial court had not yet ruled on the disqualification motion. After the second day of trial, on May 11, 2016, the trial court entered a written order denying the recusal motion. The trial proceeded for two more days.

During the May 20, 2016 trial date, Appellants alleged that "Judge Binkley again demonstrated bias against []Appellants in Court." Accordingly, on August 4, 2016, Appellants filed a "Supplemental and Renewed Motion for Disqualification." The motion alleged that Judge Binkley acted inappropriately in removing Appellants' children from open court during the proceedings. An order was eventually entered on September 21, 2016, denying the recusal motion. Appellants filed an accelerated interlocutory appeal pursuant to Rule 10B of the Rules of the Tennessee Supreme Court on September 29, 2016.

ANALYSIS

- 2 -

In this case, Appellants appeal the denial of both their April 2016 and August 2016 motions to recuse Judge Binkley. Tennessee Code of Judicial Conduct Rule 2.11 provides that "[a] judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned[.]" Tenn. R. Sup. Ct. 10, § 2.11. It is well-settled that "'[t]he right to a fair trial before an impartial tribunal is a fundamental constitutional right.'" *Bean v. Bailey*, 280 S.W.3d 798, 803 (Tenn. 2009) (quoting *State v. Austin*, 87 S.W.3d 447, 470 (Tenn. 2002)). Article VI, Section 11 of the Tennessee Constitution, Tennessee Code Annotated Section 17-2-101, and the Code of Judicial Conduct prohibit a judge from presiding over a matter in which the judge has an interest in the outcome or where the judge is connected to either party. The purpose of the prohibition is to "guard against the prejudgment of the rights of litigants and to avoid situations in which the litigants might have cause to conclude that the court [] reached a prejudged conclusion because of interest, partiality, or favor." *State v. Austin*, 87 S.W.3d 447, 470 (Tenn. 2002) (citation omitted). Additionally, we have emphasized that "the preservation of the public's confidence in judicial neutrality requires not only that the judge be impartial in fact, but also that the judge be perceived to be impartial." *Kinard v. Kinard*, 986 S.W.2d 220, 228 (Tenn. Ct. App. 1998) (citations omitted). Accordingly, even in cases wherein a judge sincerely believes that she can preside over a matter fairly and impartially, the judge nevertheless should recuse herself in cases where a reasonable person "'in the judge's position, knowing all the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality.'" *Davis v. Liberty Mut. Ins. Co.*, 38 S.W.3d 560, 564–65 (Tenn. 2001) (quoting *Alley v. State*, 882 S.W.2d 810, 820 (Tenn. Crim. App. 1994)). It is an objective test designed to avoid actual bias and the appearance of bias, "since the appearance of bias is as injurious to the integrity of the judicial system as actual bias." *Davis*, 38 S.W.3d at 565 (citation omitted).

Pursuant to Rule 10B of the Rules of the Tennessee Supreme Court, a litigant is entitled to seek disqualification of a trial judge by filing a motion that: (1) is supported by an affidavit under oath or a declaration under penalty of perjury by personal knowledge or by other appropriate materials; (2) states, with specificity, all factual and legal grounds supporting disqualification of the judge; and (3) affirmatively states that it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. Tenn. Sup. Ct. R. 10B, § 1.01.

Upon filing of such motion, "the judge whose recusal is sought shall either grant or deny the motion in writing." *Watson v. City of Jackson*, 448 S.W.3d 919, 927 (Tenn. Ct. App. 2014). If the motion is denied, the judge shall state in writing the grounds for the denial. Tenn. Sup. Ct. R. 10B, § 1.03. Additionally, if the motion is denied, the movant may file an accelerated interlocutory appeal of the denial. According to Section 2.02 of Rule 10B of the Rules of the Tennessee Supreme Court:

To effect an accelerated interlocutory appeal as of right from the denial of the motion, a petition for recusal appeal shall be filed in the appropriate

appellate court within fifteen days of the trial court's entry of the order. In civil cases, a bond for costs as required by Tenn. R. App. P. 6 shall be filed with the petition. A copy of the petition shall be promptly served on all other parties, and a copy also shall be promptly filed with the trial court clerk.

Tenn. Sup. Ct. R. 10B, § 2.02. The movant is also required to include copies of "any order or opinion and any other parts of the record necessary for determination of the appeal." Tenn. Sup. Ct. R. 10B, § 2.03. We will discuss each of Appellants' motions in turn.

## I.

We begin first with the denial of Appellants' April 2016 motion to disqualify the trial judge. As previously discussed, Appellants filed their initial motion for disqualification on April 15, 2016. The trial court denied the motion by order of May 11, 2016. Rule 10B specifically states that to effectuate an interlocutory appeal regarding the denial of a recusal motion, the appeal must be filed "within fifteen days of the trial court's entry of the order." Tenn. Sup. Ct. R. 10B, § 2.02. Here, however, Appellants chose not to file an accelerated interlocutory appeal of the denial of their April 2016 motion. This Court has previously indicated that the failure to file a timely appeal under Rule 10B may deprive this Court of jurisdiction to consider an accelerated interlocutory appeal of the denial of a recusal motion. *See **Williams by & through Rezba v. HealthSouth Rehab. Hosp. N.***, No. W2015-00639-COA-T10B-CV, 2015 WL 2258172, at \*4 (Tenn. Ct. App. May 8, 2015) (holding that because the appellants filed their recusal appeal within ten days of the entry of the written order on their recusal motion, the Court had jurisdiction to consider their appeal). We note that the failure to file a timely interlocutory appeal does not prevent a litigant from raising the denial of his or her recusal motion in an appeal under Rule 3 of the Tennessee Rules of Appellate Procedure. *See* Tenn. Sup. Ct. R. 10B, § 2.01 (stating that "the ruling [denying a recusal motion] can be raised as an issue in an appeal as of right" pursuant to Rule 3 or in an accelerated interlocutory appeal) (citing Tenn. R. App. P. 3 ("In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right.")). However, we decline to consider any interlocutory appeal from the denial of Appellants' April 2016 recusal motion where no timely appeal was filed pursuant to the clear requirements of Rule 10B.[1]

---

[1] We also note that the April 15, 2016 motion fails to comply with Rule10B in two other respects. First, the motion does not "affirmatively state that it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Tenn. Sup. Ct. R. 10B, § 3.01. In addition, although the motion was accompanied by documents purporting to support the recusal motion, including a declaration filed by an attorney in a federal lawsuit, the motion does not include an affidavit in support as required by Rule 10B. *See* Tenn. R. Sup. Ct. 10B, § 4.01 ("A written motion shall be supported by an affidavit under oath or a declaration under penalty of perjury on

## II.

Appellants next argue that the trial court erred in denying their August 2016 recusal motion. In support, Appellants assert that the trial judge's ex parte communication, his erroneous rulings against Appellants, and his temperamental conduct during the trial together create an appearance of impropriety that requires the trial judge to recuse. In contrast, Appellee argues that the issue of the trial judge's ex parte communication should not be considered with regard to the August 2016 recusal motion because it was previously considered and ruled upon and Appellants chose not to timely appeal that motion. In this case, however, we do not reach the merits of the August 2016 recusal motion because a deficiency in the record prevents our review: Appellants' pro hac vice counsel's failure to comply with Rule 19 of the Rules of the Tennessee Supreme Court.

Pro hac vice admission to practice law in Tennessee is governed by Rule 19 of the Rules of the Tennessee Supreme Court. As such:

> A lawyer not licensed to practice law in Tennessee, licensed in another United States jurisdiction, and who resides outside Tennessee shall be permitted to appear pro hac vice, file pleadings, motions, briefs, and other papers and to fully participate in a particular proceeding before a trial or appellate court of Tennessee, or in a contested case proceeding before a state department, commission, board, or agency (hereinafter "agency"), if the lawyer complies with the following conditions:
>
> (a) A lawyer not licensed to practice law in Tennessee and who resides outside Tennessee is eligible for admission pro hac vice in a particular proceeding pending before a court or agency of the State of Tennessee:
>
> (1) if the lawyer is licensed, in good standing, and admitted to practice before the court of last resort in another state or territory of the United States or the District of Columbia in which the lawyer maintains a residence or an office for the practice of law;
> (2) if the lawyer is in good standing in all other jurisdictions in which the lawyer is licensed to practice law; and
> (3) if the lawyer has been retained by a client to appear in the proceeding pending before that court or agency.

---

personal knowledge and by other appropriate materials."). This Court has repeatedly held that such an affidavit is mandatory. *See, e.g.*, **Childress v. United Parcel Serv., Inc.**, W2016-00688-COA-T10B-CV, 2016 WL 3226316 (Tenn. Ct. App. June 3, 2016), *no appl. perm. appeal filed*; **Elliott v. Elliott**, No. E2012-02448-COA-10B-CV, 2012 WL 5990268 (Tenn. Ct. App. Nov. 30, 2012).

Tenn. Sup. Ct. R. 19. Even where the above requirements are met, however, an attorney may not be granted pro hac vice admission "unless the lawyer is associated in the proceeding with a lawyer licensed to practice law in Tennessee, in good standing, admitted to practice before the Supreme Court of Tennessee, and who resides in and maintains an office in Tennessee." Tenn. Sup. Ct. R. 19(g). Once admitted, the out-of-state attorney must follow certain requirements, which includes ensuring that "all pleadings, motions, and other papers filed or served in the proceeding" are signed by "[b]oth the Tennessee lawyer and the lawyer appearing pro hac vice[.]" *Id.*

In this case, the August 4, 2016 motion is signed only by Attorney Brandy Lee Murphy of Birmingham, Alabama, in clear violation of Rule19(g). Indeed, despite the unequivocal directive of Rule 19(g), it appears from the record that a number of the pleadings in this case were signed solely by Attorney Murphy. This Court has previously held that where a notice of appeal was signed only by an out-of-state attorney admitted under Rule 19, the notice was not effective. Rather, the notice was a nullity. *See **Bivins v. Hosp. Corp. of Am.**, 910 S.W.2d 441 (Tenn. Ct. App. 1995).

In ***Bivins***, the plaintiff retained an out-of-state attorney who was admitted to practice pro hac vice by the trial court. *Id.* at 443. The complaint was signed by both the out-of-state attorney and the Tennessee attorney as required by Rule 19(g). *Id.* The trial court ultimately granted summary judgment in favor of the defendants. Plaintiffs thereafter appealed the judgment against them; the notice of appeal, however, was signed only by the out-of-state counsel. Accordingly, this Court entered an order ruling that the notice of appeal filed by the out-of-state counsel was "invalid" because it did not comply with Rule 19(g). The Court of Appeals therefore held that it did not have jurisdiction to consider the appeal. *Id.* at 445. Thereafter, a new Tennessee attorney filed a notice of appearance in the trial court. The Tennessee attorney thereafter joined in a motion to set aside the invalid notice of appeal on the ground that the out-of-state attorney was unable to associate local counsel before the expiration of the time for filing a notice of appeal. The trial court eventually denied the motion and a second appeal followed. *Id.* at 446.

The Court of Appeals affirmed the judgment of the trial court that relief from the prior judgment was not appropriate under Rule 60.02 of the Tennessee Rules of Civil Procedure. First, this Court noted well-settled law that proceedings initiated by a person not authorized to practice law "are a nullity" and that signatures of unauthorized attorneys may be stricken from pleadings. *Id.* at 447 (citing 7 C.J.S. *Attorney and Client* § 31, p. 869, n. 13, 20) ("An attempted appeal of a person not licensed to practice law, purporting to represent another, will be dismissed."). Because the notice of appeal was not signed by the Tennessee attorney, the Court held that it was not signed "by a duly authorized attorney at law" and was therefore a "nullity." *Id.* at 447. The Court further held that the out-of-state attorney was on notice of the requirements of Rule 19(g) upon his admission to practice in this state under that Rule; ignorance was therefore no excuse.

***Id.*** This Court also ruled that because the out-of-state attorney admitted that he had never requested that the Tennessee attorney sign the notice of appeal, there could be no finding that the Tennessee attorney had abandoned the out-of-state attorney so as to excuse compliance with Rule 19(g). ***Id.*** Finally, the Court noted that even if the Tennessee attorney was unavailable, the client could have signed the notice of appeal on her own behalf. ***Id.***

The same is true in this case. Here, nothing in the record suggests that Attorney Murphy had been abandoned by the Tennessee attorney or that she was unable to obtain the Tennessee attorney's signature on pleadings. Indeed, the alleged conduct that led to the filing of the August 4, 2016 recusal motion occurred on or about May 20, 2016, allowing Appellants ample time to draft, sign, and file their motion in compliance with Rule 19(g). Accordingly, like the notice of appeal in ***Bivins***, the August 4, 2016 recusal motion was a nullity because it was not fully compliant with Rule 19(g) of the Rules of the Supreme Court of Tennessee. *See also* Tenn. R. Civ. P. 11.01 ("Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party. . . . An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party."). With no valid written motion for recusal, there can be no Rule 10B accelerated appeal. *See* Tenn. Sup. Ct. R. 10B (requiring that a party seeking recusal "shall do so by a timely filed written motion"); *see also* ***Williams by & through Rezba v. HealthSouth Rehab. Hosp. N.***, No. W2015-00639-COA-T10B-CV, 2015 WL 2258172, at \*4 (Tenn. Ct. App. May 8, 2015) (holding that an accelerated appeal results only from the written denial of a written recusal motion).[2] Accordingly, this Court lacks jurisdiction to consider this appeal as to the purported denial of Appellants' August 4, 2016 recusal motion.

## CONCLUSION

---

[2] We would also like to point out an unusual procedure in this case. Here, although the purported August 2016 recusal motion was directed to Judge Binkley, it was signed by Judge Woodruff, "at the specific direction of [Judge] Binkley." Nothing in the order indicates that an emergency or other situation occurred that prevented Judge Binkley from signing the order denying the purported recusal motion; indeed, the order was not entered for more than one and one-half months after the filing of the August 2016 motion. Rule 10B specifically contemplates that the judge will decide whether to "recuse[] himself or herself," rather than delegating this decision to another trial judge. Tenn. Sup. Ct. R. 10B, §1.04. In addition, this Court has previously held that an order granting or denying a recusal motion should be entered by "the judge whose recusal is sought[.]" ***Watson***, 448 S.W.3d at 927. While we do not wish to set forth a blanket prohibition on this practice in appropriate circumstances, we do not encourage the judges' actions in this case, especially regarding the denial of recusal motions, which often involve allegations that are peculiar to the judge against whom the recusal motion has been filed.

The appeal filed by Appellants Samuel C. Clemmons and Shannon N. Clemmons is dismissed. This cause is remanded to the trial court all further proceedings as are necessary and consistent with this Opinion. Costs of this appeal are taxed to Appellants Samuel C. Clemmons and Shannon N. Clemmons, and their surety, for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE