FILED
09/03/2021
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
September 2, 2021

**TENNESSEE DEPARTMENT OF HUMAN SERVICES v. ANDREW JACKSON HEATON**

**Appeal from the Chancery Court for Washington County**
**No. 21-CV-0122      John C. Rambo, Chancellor**

———————————————————

**No. E2021-00791-COA-R3-CV**

———————————————————

A non-attorney filed a notice of appeal as next friend of Andrew Jackson Heaton. As a non-attorney next friend may not practice law while acting on behalf of an infant or incompetent, this appeal is hereby dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

D. MICHAEL SWINEY, C.J.; JOHN W. MCCLARTY, J.; and KRISTI M. DAVIS, J.

Sharla Bentley, Gray, Tennessee, pro se.

Andree Kahn Blumstein and Lexie Ashton Ward, for the appellee, Tennessee Department of Human Services.

**MEMORANDUM OPINION[1]**

A notice of appeal was filed on July 7, 2021 by Sharla Bentley as next friend of the appellant, Andrew Jackson Heaton. Both Dustin D. Jones, the attorney-ad-litem appointed to represent appellant in the trial court[2], and the Tennessee Department of Human Services

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] Mr. Jones informed this Court that he met with appellant and reviewed the Trial Court's

filed notices in this Court alleging that Sharla Bentley is not an attorney and does not qualify as a next friend of the appellant. By Order entered July 29, 2021, this Court ordered Sharla Bentley to show cause why this appeal should not be dismissed.

Rule 17 of the Tennessee Rules of Civil Procedure provides that "[i]f an infant or incompetent person does not have a duly appointed representative, or if justice requires, he or she may sue by next friend." Tenn. R. Civ. P. 17.03. Rule 17, however, does not authorize a non-attorney next friend to practice law while acting on behalf of the infant or incompetent person. *Vandergriff v. Park Ridge East Hosp.*, 482 S.W.3d 545, 553 (Tenn. Ct. App. 2015). As this Court explained in *Vandergriff*:

> To the contrary, only licensed attorneys may engage in the "practice of law" in Tennessee. Tenn. Sup. Ct. R. 7, § 1.01; *see* Tenn. Code Ann. § 23–3–103(a). In Tennessee, the practice of law "relates to the rendition of services for others that call for the professional judgment of a lawyer." *Petition of Burson*, 909 S.W.2d 768, 775 (Tenn. 1995) (quoting Tenn. Sup. Ct. R. 8, EC 3–5). Under this standard, the Supreme Court has held that preparing and filing a complaint on behalf of another constitutes the practice of law because it requires a lawyer's professional judgment. *See Old Hickory Eng'g and Mach. Co., Inc. v. Henry*, 937 S.W.2d 782, 786 (Tenn. 1996). Similarly, according to the Tennessee Code, the practice of law includes "the appearance as an advocate in a representative capacity or the drawing of papers, pleadings or documents or the performance of any act in such capacity in connection with proceedings pending or prospective before any court. . .." Tenn. Code Ann. § 23–3–101(3).

*Id*. (emphasis in original) (footnote omitted). "Proceedings in a suit by a person not entitled to practice law are a nullity, and '[a]n attempted appeal of a person not licensed to practice law, purporting to represent another, will be dismissed.'" *Id*. at 554 (quoting *Bivins v. Hosp. Corp. of Am.*, 910 S.W.2d 441, 447 (Tenn. Ct. App. 1995)).

Sharla Bentley responded to our show cause order, but failed to show either that she is an attorney licensed to practice law or that she is represented by one. Accordingly, the notice of appeal filed by Sharla Bentley purportedly on behalf of the appellant, Andrew Jackson Heaton, is a nullity, and this appeal is hereby DISMISSED. Costs on appeal are taxed to Sharla Bentley, for which execution may issue.

**PER CURIAM**

---

June 10, 2021 order with appellant. Mr. Jones asked appellant if appellant wanted to appeal the Trial Court's order, and appellant "made no statement or request that he wanted to appeal." The Trial Court's June 10, 2021 order relieved Mr. Jones from further representation on behalf of appellant.