TIMOTHY J. WOERNER, Plaintiff-Appellant, v. SENECA PETROLEUM, INC., *et al.*, Defendants-Appellees.

Third District   No. 3—88—0019

Opinion filed September 8, 1988.

Jack C. Vieley, of Peoria, for appellant.

Gary L. Jones, Village of Creve Coeur Trustee, of Creve Coeur, and

Gary M. Peplow, of Heyl, Royster, Voelker & Allen, and William M. Anderson IV, both of Peoria, for appellees.

JUSTICE SCOTT delivered the opinion of the court:

The plaintiff, Timothy J. Woerner, filed a verified complaint in the small claims court of Tazewell County for property damages against the defendants, Seneca Petroleum, Inc., and the Village of Creve Coeur (Village), a municipal corporation. A default judgment in the sum of $2,500 was entered against the defendant Village of Creve Coeur. Gary L. Jones, a nonattorney but a village trustee, filed an unverified motion to vacate the judgment. The plaintiff filed a motion to strike defendant's motion to vacate judgment.

During the hearing on defendant's motion to vacate judgment, the trustee, Gary L. Jones, testified that he was not a licensed attorney and that no village resolution had been passed authorizing him to appear on behalf of the defendant Village. The trial court granted the defendant Village's motion to vacate judgment, but allowed plaintiff to appeal its order pursuant to Supreme Court Rule 304 (107 Ill. 2d R. 304).

The plaintiff first raises the issue as to whether a village trustee who is not a licensed attorney can represent a municipal corporation in a small claims proceeding where the amount of the claim is the sum of $2,500.

In addressing this issue we note that we are confronted with a conflict of a statute and a rule of our supreme court.

Our Code of Civil Procedure provides:

"A corporation may prosecute as plaintiff or defend as defendant any small claims proceeding in any court of this State through any officer, director ***.
        ***

[And] 'small claims proceeding' means a civil action based on either tort or contract for money not in excess of $2,500, exclusive of interests and costs ***." (Ill. Rev. Stat. 1987, ch. 110, par. 2—416.)

By rule our supreme court has provided:

"(b) Representation of Corporations. No corporation may appear as claimant, assignee, subrogee or counterclaimant in a small claims proceeding, unless represented by counsel. When the amount claimed does not exceed $1500, a corporation may defend as defendant any small claims proceeding in any court of this State through any officer, director, manager ***." 113 Ill. 2d R. 282(b).

The provision in the Code of Civil Procedure relating to corporations appearing in small claims proceedings was added to the Code and became effective January 1, 1984. Supreme Court Rule 282 (113 Ill. 2d R. 282) became effective August 1, 1987. As noted in the historical and practice notes to section 2—416 (Ill. Ann. Stat., ch. 110, par. 2—416, Historical and Practice Notes, at 82 (Smith-Hurd Supp. 1988)), Supreme Court Rule 282 is in direct conflict with the legislative enactment.

██ The defendant Village argues that the trial court had and properly exercised its discretion when it granted its (defendant's) motion to vacate the judgment. We agree; however, we are of the opinion that the trial court's action can be supported on firmer grounds.

Our Code of Civil Procedure provides as follows:

"(a) The Supreme Court of this State has power to make rules of pleading, practice and procedure for the circuit, Appellate and Supreme Courts supplementary to, *but not inconsistent with the provisions of this Act ***."* (Emphasis added.) Ill. Rev. Stat. 1987, ch. 110, par. 1—104(a).

Our legislature preempted the question of *pro se* representation of corporations by enacting section 2—416 almost four years prior to the supreme court's adoption of Rule 282. Ill. Rev. Stat. 1987, ch. 110, par. 2—416.

A conflict or inconsistency confronted the trial court and we agree with its determination to follow the legislative enactment.

██ The plaintiff also claims the trial court erred in granting the motion to vacate judgment because the motion was unverified. We seriously question if this issue was properly preserved for appeal. In any event, both the plaintiff and the defendant filed motions which were not verified. Their fault or neglect in the instant case is *levissima culpa.* The trial court apparently agreed that such neglect or fault was slight and opted to proceed to a hearing for the purpose of doing justice. Verification or lack of verification did not affect the threshold issue in this case.

For the reasons set forth the decision of the circuit court of Tazewell County is affirmed.

Affirmed.

WOMBACHER and STOUDER, JJ., concur.