REAL ESTATE BUYER'S AGENTS, INC., Plaintiff-Appellant, v. EDWARD FOSTER, Defendant-Appellee.

Second District    No. 2—91—1175

Opinion filed September 10, 1992.—Rehearing denied October 19, 1992.

258

DUNN, J., concurring in part and dissenting in part.

Terry Laughlin, of Real Estate Buyer's Agents, Inc., of Roselle, appellant *pro se.*

No brief filed for appellee.

PRESIDING JUSTICE INGLIS delivered the opinion of the court:

Plaintiff, Real Estate Buyer's Agents, Inc., appeals *pro se* through its president and nonattorney, Terry Laughlin, from an order of the circuit court of Kane County which dismissed its small claims complaint against defendant, Edward Foster. The sole issue raised on appeal is whether the trial court erred in dismissing plaintiff's complaint based upon section 2 of the Frauds Act (Ill. Rev. Stat. 1991, ch. 59, par. 2).

On August 21, 1991, plaintiff filed its small claims complaint against defendant. It alleged that defendant, through his agent, Village Real Estate, offered plaintiff a 3% real estate commission if plaintiff obtained an offer from Ramona Webb of "$80,000 with no points to seller" for a house owned by defendant in Bellwood, Illinois. Plaintiff further alleged that it obtained a signed offer to purchase the real estate on those terms, but that defendant refused to sign the contract. Plaintiff sought a real estate broker's commission from defendant in the amount of $1,500. The complaint was signed by Terry Laughlin, plaintiff's president. A copy of a written offer by Ramona Webb to purchase the property for a purchase price of $80,000 was attached to the complaint. The offer stated that the seller would pay plaintiff a commission in the amount of $2,400.

Defendant filed a motion to dismiss the complaint on September 13, 1991. Defendant argued in the motion that the complaint should be dismissed pursuant to section 2—619(a)(2) of the Civil Practice Law (Code) (Ill. Rev. Stat. 1991, ch. 110, par. 2—619(a)(2)) because, according to Supreme Court Rule 282(b) (134 Ill. 2d R. 282(b)), no corporation may appear as a claimant in a small claims proceeding unless represented by counsel. Defendant also argued that the complaint should be dismissed pursuant to section 2—619(a)(7) of the Code (Ill. Rev. Stat. 1991, ch. 110, par. 2—619(a)(7)) because the unsigned contract for the sale of land

relied on by plaintiff was unenforceable under section 2 of the Frauds Act (Ill. Rev. Stat. 1991, ch. 59, par. 2).

Following a hearing on October 15, 1991, an order was entered which stated that the court found that "this matter concerns itself with the sale of real estate and is governed by the Statute of Frauds." The court therefore granted defendant's motion to dismiss pursuant to section 2—619(a)(7) of the Code. The order also stated that the court denied defendant's motion to dismiss based upon Supreme Court Rule 282(b) and that "Terry Laughlin can represent Plaintiff herein." Plaintiff filed a timely notice of appeal.

On appeal, plaintiff argues that its complaint should not have been dismissed based upon the Statute of Frauds as an agreement to pay a real estate broker's commission may be oral. Defendant has not filed an appellee's brief in response. We will, however, consider the appeal under the standard set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128.

■ Section 2 of the Frauds Act provides:

"No action shall be brought to charge any person upon any contract for the sale of lands, tenements or hereditaments or any interest in or concerning them, for a longer term than one year, unless such contract or some memorandum or note thereof shall be in writing, and signed by the party to be charged therewith ***." (Ill. Rev. Stat. 1991, ch. 59, par. 2.)

Although the Frauds Act requires that any contract for the sale of land must be in writing, it contains no such requirement with regard to real estate brokers' contracts of employment. (*Arthur Rubloff & Co. v. Drovers National Bank* (1980), 80 Ill. App. 3d 867, 871.) There is no requirement under the Frauds Act that agreements to pay a real estate broker's commission must be in writing or that claims for a brokerage commission must be based upon a written instrument. (*Edens View Realty & Investment, Inc. v. Heritage Enterprises, Inc.* (1980), 87 Ill. App. 3d 480, 487.) A brokerage contract may be oral, and the contract is governed by the law applicable to ordinary contracts. *Bossow v. Bowlway Lanes, Inc.* (1987), 161 Ill. App. 3d 983, 986.

In its complaint, plaintiff was seeking to enforce an alleged oral agreement to pay a real estate broker's commission and was not seeking to enforce a contract for the sale of real estate. The trial court therefore erred in dismissing the complaint based upon the Frauds Act.

■ However, we may affirm the trial court on any basis supported by the record. (*Material Service Corp. v. Department of Revenue* (1983), 98 Ill. 2d 382, 387.) In his motion to dismiss, defendant raised another basis for dismissing the complaint. He argued that plaintiff, a corpora-

tion, had to be represented by counsel pursuant to Supreme Court Rule 282(b) (134 Ill. 2d R. 282(b)). Rule 282(b), which was effective August 1, 1987, states that "[n]o corporation may appear as claimant *** in a small claims proceeding, unless represented by counsel." (134 Ill. 2d R. 282(b).) We conclude that this cause was properly dismissed as the record shows that plaintiff was represented by its president and not by legal counsel.

We recognize that the Appellate Court, Third District, in *Woerner v. Seneca Petroleum, Inc.* (1988), 175 Ill. App. 3d 329, held that Rule 282(b) was preempted by section 2—416 of the Code (Ill. Rev. Stat. 1991, ch. 110, par. 2—416). Section 2—416, which was effective January 1, 1984, provides that a corporation may prosecute a small claims proceeding as plaintiff "through any officer, director, manager, department manager or supervisor of the corporation, as though such corporation were appearing in its proper person." (Ill. Rev. Stat. 1991, ch. 110, par. 2—416.) *Woerner* held that the legislative enactment was controlling as the "legislature preempted the question of *pro se* representation of corporations by enacting section 2—416 almost four years prior to the supreme court's adoption of Rule 282." *Woerner*, 175 Ill. App. 3d at 331.

Our supreme court, however, has held that, when a statute directly and irreconcilably conflicts with a supreme court rule on a matter within the court's authority, the rule prevails. (*People v. Williams* (1991), 143 Ill. 2d 477, 483; *People v. Felella* (1989), 131 Ill. 2d 525, 538.) As the statute and the supreme court rule directly and irreconcilably conflict, the rule must prevail. We therefore decline to follow *Woerner*.

The record on appeal demonstrates that plaintiff's president is not an attorney. In plaintiff's summons of the defendant, plaintiff's attorney is listed as "NONE—Pro Se." The new case information sheet also lists plaintiff's attorney as "NONE." Plaintiff's appellate brief is signed by Terry Laughlin as "Plaintiff-Appellant *Pro Se*." Finally, although Supreme Court Rule 13(c)(1) requires that an attorney file a written appearance before addressing the court (134 Ill. 2d R. 13(c)(1)), no such appearance was filed here.

■ Because plaintiff, a corporation, was not represented by counsel, as required by the rule, the complaint was properly dismissed. We further conclude, however, that, under these circumstances, the dismissal should have been without prejudice. Plaintiff should be allowed an opportunity to proceed with its cause of action with counsel. We therefore affirm the dismissal of this cause; however, the dismissal shall be without prejudice.

For the foregoing reasons, the judgment of the circuit court of Kane County dismissing the cause is affirmed as modified, and this cause is remanded for further proceedings.

Affirmed as modified and remanded.

McLAREN, J., concurs.

JUSTICE DUNN, concurring in part and dissenting in part:

Although I agree with the majority's conclusion that the trial court erred in dismissing plaintiff's complaint based upon the Frauds Act (Ill. Rev. Stat. 1991, ch. 59, par. 2), I adamantly disagree with its conclusion that the trial court's dismissal should be affirmed because plaintiff, a corporation, was not represented by counsel. This conclusion results in a substantial injustice to plaintiff.

While the majority is correct that it may affirm the trial court on any basis supported by the record (*Material Service Corp. v. Department of Revenue* (1983), 98 Ill. 2d 382, 387), in this case, the majority is affirming the trial court based on a fact not at all supported by the record on appeal. There was no report of proceedings filed on appeal regarding the hearing on defendant's motion, nor is there a bystander's report pursuant to Supreme Court Rule 323(c) (134 Ill. 2d R. 323(c)). The record contains only the complaint itself, defendant's motion to dismiss and the trial court's order. That order specifically states, "[D]efendant's motion to dismiss pursuant to Supreme Court Rule 282(b) is denied and Terry Laughlin can represent [p]laintiff hereon [*sic*]."

The record is silent as to whether Terry Laughlin is an attorney. The record reveals only that Terry Laughlin, as president, was representing the corporation *pro se*. In the absence of a complete record on appeal, it will be presumed that the order entered by the trial court was in conformity with the law and had a sufficient factual basis. (*Foutch v. O'Bryant* (1984), 99 Ill. 2d 389, 392.) Thus, there is no basis for the majority's conclusion that it may affirm the dismissal of this cause because plaintiff was not represented by an attorney. I would reverse the portion of the trial court's order dismissing plaintiff's complaint based upon the Fraud Act, but affirm the portion of the trial court's order finding that Terry Laughlin may represent the plaintiff.