OPINION OF THE COURT
Salvatore A. Alamia, J.
In this commercial claim, defendant moves to dismiss, asserting that this action is being maintained improperly by an *70 employee of plaintiff, a professional corporation, as its agent.
Pursuant to UDCA 1809-A (d), a corporation may appear by any of its authorized directors, officers or employees, as well as by attorneys. The gravamen of this motion is that the individual who has commenced this litigation for plaintiff, a professional corporation engaged in the practice of dentistry, is not herself a dentist or an attorney, and as a matter of law she cannot be an officer, director or shareholder of the corporation (see, Business Corporation Law §§ 1507, 1508). Defendant concludes that since the agent is not an officer, director, or shareholder, she cannot be authorized to appear for plaintiff in commercial claims litigation. For purposes of the instant motion, the court assumes the agent is neither an attorney nor a dentist.
In support of his position, defendant relies on case law decided in 1983 involving UDCA 1809 (2) (see, Bradley v Weber, 122 Misc 2d 428). At the time, apart from attorneys, only shareholders and officers were permitted to appear for corporations in small claims matters under that statute. However, in 1984 the Legislature amended the statute to its present form, pursuant to which not only officers and directors may appear for a corporation, but employees may do so as well (L 1984, ch 157). In the Legislative Memorandum accompanying the amendment, reference was made to the limitation of authorized agents to shareholders and officers. The amendment was intended to permit "corporations to be represented by any authorized officer, director or employee" (Legislative Mem to L 1984, ch 157, 1984 McKinney’s Session Laws of NY, at 3165 [emphasis added]). Authorized employees of professional corporations are not limited by law to individuals authorized to practice the profession constituting the business of the organization, and the Legislative Memorandum contains no indication that the term "employee” as used in amended UDCA 1809 (2) was to be so limited.
When the commercial claims article was enacted, the Legislature, in identifying those authorized to appear in behalf of a corporation, used the identical language it had used in the 1984 amendment to UDCA 1809 (2), "an attorney as well as * * * any authorized officer, director or employee of the corporation” (UDCA 1809-A [d]). The court is of the view, then, that this language, as it appears in UDCA 1809-A (d), should be accorded a reach coextensive with that given it in UDCA *71 1809 (2). Any authorized, employee of a professional corporation may appear for it in a small claim. The term embraces nonprofessional employees, not just the professionals. Consequently, nonprofessional employees may appear in a commercial claim for the corporation as well as the professional ones.
The lack of attorney or professional status of the individual appearing for the corporation is not an impediment to her maintaining this claim. The only requirement is that she be authorized. Defendant does not assert the agent of plaintiff is otherwise unauthorized on any other basis than that evaluated here. Accordingly, this motion is denied and this matter is returned to the commercial claims calendar.