The Honorable Janice L. Hardenburger State Senator, 21st District Rt. #1, Box 78 Haddam, Kansas 66944
Dear Senator Hardenburger:
You request our opinion regarding whether a corporation may appear in small claims court by an agent who is not an attorney. You indicate that some district court magistrates are refusing to allow corporations to use the small claims process unless the corporation is represented by an attorney. The small claims procedure act specifically prohibits attorney representation except in limited circumstances.
The small claims procedure act provides a simple method for the recovery of money not exceeding the statutory amount of $1,800. K.S.A. 61-2712; Patterson v. Brouhard, 246 Kan. 700, 703 (1990). The court supplies the forms for the plaintiff's statement of claim and the defendant's statement of claim (if the defendant has a counter claim against the plaintiff). K.S.A. 61-2713. No other pleadings are permitted, no discovery is allowed, the trial is to the court and no party may be represented by an attorney except in limited circumstances. K.S.A. 61-2705; 61-2707; 61-2714. Any "person" may file a written statement of the plaintiff's claim with the clerk of the court. K.S.A. 61-2704(a). "Person" includes a corporation. K.S.A. 61-2703(b).
The small claims procedure act was enacted in 1973 after two legislative interim committees concluded that there was no practicable forum in which a small claim could be adjudicated economically. 1971 Reports and Recommendations to the 1972Session of the Kansas Legislature, p. 496. A special committee on small claims solicited input from judges of courts of limited jurisdiction and found that it was not economically feasible for most people to retain attorneys for claims of less than $300 nor was this the kind of litigation profitable for most attorneys. Furthermore, the committee concluded that in a proceeding where the pleadings and other procedures were simple and informal, the particular talent of an attorney would be "superfluous." Reporton Kansas Legislative Interim Studies to the 1973 Legislature, Proposal No. 20. The committee also agreed that the small claims process should be made available to merchants as well as consumers.
Since its enactment in 1973 there has been no significant change in the procedure and adjudication of small claims except that the statutory amount has increased from $300 in 1973 to the current amount of $1,800.
The common law of Kansas provides that a corporation may not appear in court by an agent who is not an attorney. Union P.R.Co. v. Horney, 5 Kan. 340 (1870); U.P.R. Co. v. McCarty,8 Kan. 125 (1871). Because the small claims procedure act purports to authorize this nonlawyer representation, it has been suggested that the legislature has usurped the judiciary's inherent power to regulate the practice of law. Unauthorized Corporate LawPractices in Small Claims Court: Should Anyone Care?, 33 W.L.J. 345 (Spring 1994).
The reason for the common law rule stems from the fact that a corporation is an artificial entity that can only act through agents. Courts thus require persons trained in the law and familiar with court procedure to act as agents of the corporation in litigation in order to further the efficient administration of justice. Oahu Plumbing and Sheet Metal Limited v. KonaConstruction Inc., 590 P.2d 570 (Haw. 1979); 8 A.L.R. 5 653 (1992). However, some jurisdictions have made an exception for small claims court. Prudential Insurance Co. v. Small ClaimsCorp., 173 P.2d 38 (Ca. 1946); State of Washington, ex rel. Longv. McLeod, 496 P.2d 540 (Wash. 1972); Woodford Manufacturing Co.v. A.O.Q. Inc., 772 P.2d 652 (Colo.App. 1988); Woerner v. SenecaPetroleum Inc., 529 N.E.2d 660 (Ill.App. 1988); VarneyEnterprises Inc. v. W.M.F. Inc., 520 N.E.2d 1312 (Mass. 1988). InPrudential Insurance Co., supra, the court concluded that since corporations were authorized to prosecute or defend claims in small claims court and since no party was allowed attorney representation, a corporation could appear in small claims court through an agent not licensed to practice law.
 "There is a series of cases that it is argued compel the conclusion that a corporation under no circumstances may appear in a court of law in propria persona (citations omitted). These cases . . . hold that a corporation under general legal principles can only appear in a court of record by and through an attorney and may not appear and defend or prosecute through its officers or employees. Based on these cases appellant argues that since a corporation can only prosecute or defend legal actions through an attorney and since attorneys are prohibited in the small claims courts, such corporations are denied representation. The obvious answer to this argument is that all of the above cases dealt with courts of record and dealt with general common law principles. They all revolve around the general rule that a corporation in the absence of statutory authority . . . cannot practice law. None of them dealt with a statutory situation such as is here involved. Here we have a statute . . . that expressly confers on corporations, as well as on other persons, the right to prosecute or defend such actions [in small claims court]. At the same time it denies to corporations as well as to other litigants the right to appear in such actions by attorneys. Since a corporation can only speak through a natural person, it is apparent, therefore, that [the statute] must be interpreted as conferring on corporations the right to appear through some representative other than an attorney. Thus, here, unlike the above cases, there is express statutory authorization for a corporation to appear in propria persona, through some proper representative other than an attorney. This serves to distinguish all of the cited cases." Prudential Insurance Co., 173 P.2d at 42.
The attorney representation rule for corporations is part of the common law which can be abrogated or modified by statute. Cityof Haven v. Gregg, 244 Kan. 117, 123 (1988). The legislature has abrogated this principle by virtue of K.S.A. 61-2703(b) and K.S.A. 61-2707. Consequently, it is our opinion that a corporation may participate in small claims court through an agent who is not licensed to practice law. We note that there has been some confusion because of the attorney representation rule which resulted in some district court magistrates requiring corporations to appear by attorney in small claims actions thus creating an inequity for the other party — usually, an individual who was not entitled to attorney representation. The legislature addressed this situation in 1994 by enacting K.S.A. 61-2714 which allows a party not represented by an attorney to be so represented if the other party is represented by counsel or is an attorney representing himself or herself.
Concerning the issue of whether the legislature is usurping the judiciary's inherent right to regulate the practice of law by authorizing nonlawyer corporate representatives to appear in small claims court, the threshold question is whether these representatives are engaging in the unauthorized practice of law. In State ex rel. Stephan v. Williams, 246 Kan. 681 (1990) the court concluded that there is no precise, all encompassing definition of what constitutes the practice of law and that each situation must be considered on its own facts on a case-by-case basis.
 "Although it may sometimes be articulated more simply, one definition [of "practice of law"] has gained widespread acceptance, and has been adopted by this Court:
 "`A general definition of the term frequently quoted with approval is given in Eley v. Miller, 7 Ind. App. 529, 34 N.E. 836, as follows:'
 "`As the term is generally understood, the practice of law is the doing or performing of services in a court of justice, in any matter depending therein, throughout its various stages, and in conformity to the adopted rules of procedure. But in a larger sense it includes legal advice and counsel, and the preparation of legal instruments and contracts by which legal rights are secured, although such matter may or may not be depending in a court.' State, ex rel., v. Perkins, 138 Kan. 899, 907, 908, 28 P.2d 765
(1934).
. . . .
 "A more recent source defines the practice of law as `the rendition of services requiring the knowledge and application of legal principles and technique to serve the interests of another with his consent.' (Citation omitted)."
In State ex rel. v. Hill, 233 Kan. 425, 426 (1978), the court adopted a test for determining what is the unauthorized practice of law.
 "The main general test in unlawful practice of law cases seems to be whether or not an attorney-client relationship exists. That is whether the person whose conduct is under scrutiny represented or implied he had legal knowledge beyond that of a layman and provided `professional' assistance to a `client'. The customer pays for the `skill,' `special knowledge' or `expertise' of the seller. There is a personalization of services provided. That is, the customer provides the data or raw material and the `expert' assembles, compiles, organizes, etc. And using the `expertise' (real or imagined) provides a legal service."
Because the concept of the practice of law is so amorphous and dependent upon the specific acts of the individual in question we cannot conclude that every representative of a corporation engages in the practice of law simply by filling out a form and appearing in small claims court. In Depew v. Wichita Associationof Credit Men, 142 Kan. 403, 411 (1935) the court concluded that the filling out of forms like blank promissory notes, drafts and similar forms that are obtainable at book stores does not constitute the practice of law where no legal skill or knowledge is required, no advice as to legal rights is given and no remuneration is received. Following this rationale, it is our opinion that merely completing the fill-in-the-blank statement of claim form does not constitute practicing law in the absence of evidence that legal skill or knowledge is required and legal advice given.
We hasten to note that our interpretation of the small claims procedure act only extends to allowing corporate agents to participate. It does not authorize corporate representatives to practice law. A corporate representative who appears in small claims court and conducts direct and cross examination of witnesses, presents and objects to evidence and makes legal arguments may be engaging in the practice of law. (Attorney General Opinion No. 93-100). However, if this is the case, the remedy is a quo warranto action filed by this office or, possibly, an injunction action filed by attorneys (see Depew, supra, where 8 attorneys obtained an injunction to prohibit a corporation from engaging in the unauthorized practice of law.) We have no facts upon which to base a conclusion that the unauthorized practice of law is occurring in small claims courts throughout the state of Kansas and, therefore, it is our opinion that the legislature is not usurping the judiciary's power to regulate the practice of law by allowing nonlawyer corporate representatives to appear in small claims courts.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm