IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 23, 2026 Session at Memphis[1]

## SOUTHERN AUTO SOURCE FINANCE, LLC v. AIRWAYS TOWING & RECOVERY, LLC

**Appeal from the Circuit Court for Shelby County**
**No. CT-5353-24      Damita J. Dandridge, Judge**

_____

**No. W2025-01053-COA-R10-CV**

_____

This extraordinary appeal involves whether a non-attorney individual may file a notice of appeal in the Shelby County General Sessions Court on behalf of a limited liability corporation. We conclude that the trial court erred in denying a motion to dismiss the appeal on this basis. We therefore reverse the decision of the trial court and remand this matter for dismissal.

**Tenn. R. App. P. 10 Extraordinary Appeal; Judgment of the Circuit Court Reversed And Remanded**

J. STEVEN STAFFORD, P.J.,W.S., delivered the opinion of the court, in which CARMA DENNIS MCGEE and VALERIE L. SMITH, JJ., joined.

Kevin A. Snider and Brent Rose, Germantown, Tennessee, for the appellant, Southern Auto Source Finance, LLC.

Darrell, J. O'Neal, Memphis, Tennessee, for the appellee, Airways Towing & Recovery, LLC.

## OPINION

## I.

On or about May 21, 2024, Plaintiff/Appellant Southern Auto Source Finance, LLC ("Appellant") filed a civil warrant in the Shelby County General Sessions Court ("the

---

[1] Oral Argument was heard on the campus of the Cecil. C. Humphreys School of Law.

general sessions court") naming Defendant/Appellee "Airways Towing & Recovery" ("Appellee") as a defendant. The civil warrant alleged that Appellee was liable for breach of contract, violation of the Tennessee Consumer Protections Act, misrepresentation, conversion, and other reckless and negligent acts totaling $25,000.00, as well as possession of the subject property. An affidavit of service later reported that service of the civil warrant was made to "Airways Towing & Recovery by serving Chris Johnson, Manager." A trial was held on December 9, 2024, resulting in judgment in favor of Appellant in the amount of $31,999.99, including $7,000.00 in attorney's fees, and for possession of the property described in the warrant.

On December 10, 2024, a notice of appeal to the Shelby County Circuit Court ("the trial court") was filed by "Timothy Gaston/Airways Towing & Recovery, LLC." Although Appellee had been represented by counsel during the general sessions court proceedings, there is no dispute that the notice of appeal was filed by Timothy Gaston, who is not a licensed attorney. On February 7, 2024, attorney Darrell J. O'Neal filed a notice of appearance on behalf of Appellee. It appears that the parties thereafter engaged in a period of discovery.

Over a year later, on March 11, 2025, Appellant filed a motion to dismiss Appellee's appeal on the basis that the notice of appeal was filed by a non-attorney on behalf of a limited liability corporation ("LLC"), and was therefore a nullity. In its motion, Appellant asserted that Mr. Gaston was the sole member and registered agent of Appellee, but that he could not act on behalf of the LLC based on well-settled Tennessee precedents relying on Tennessee Rule of Civil Procedure 11. Appellant therefore asked that the appeal be dismissed with prejudice and for attorney's fees pursuant to Tennessee Code Annotated section 20-12-119.

On April 17, 2025, Attorney O'Neal filed a response to the motion to dismiss on behalf of Appellee, which was named as "Airways Towing and Recovery, LLC[.]" Appellee's argument therein was two-fold. First, Appellee argued that under Tennessee Code Annotated section 16-15-729,

> No civil case, originating in a general sessions court and carried to a higher court, shall be dismissed by such court for any informality whatever, but shall be tried on its merits; and the court shall allow all amendments in the form of action, the parties thereto, or the statement of the cause of action, necessary to reach the merits, upon such terms as may be deemed just and proper. The trial shall be de novo, including damages.

Thus, Appellee asserted that any informality in how the notice of appeal was filed should not prove fatal to Appellee's appeal. And Appellee argued this was particularly true where Mr. Gaston used the form promulgated by the general sessions court in lodging the appeal. Appellee also asserted that section 16-15-729 permitted amendments in the form of action

or the statement of the cause of action. Second, Appellee noted that the Tennessee Rules of Civil Procedure do not apply to cases in the general sessions courts until after the case is appealed. Thus, Appellee asserted that "any party can file the appeal" and "Airways Towing & Recovery, LLC was not required to" do anything prior to the de novo trial in circuit court.

A hearing on the motion to dismiss was held on May 2, 2025. In the hearing, the parties generally reiterated the arguments made in the motion to dismiss and response. In the written order that following on May 16, 2025, the trial court denied the motion to dismiss, explaining as follows:

> [Appellant] argues that this matter should be dismissed because Mr. Gaston improperly filed an appeal from General Sessions on behalf of his company and would be tantamount to the unauthorized practice of law. Plaintiff further argues that Mr. Gaston's appeal does not comply with Rule 11 of the Tennessee Rules of Civil Procedure. Lastly, Plaintiff argues that T.C.A. § 27-5-108 applies to this matter.
>
> [Appellee] argues that T.C.A. § 16-15-729 applies and that pursuant to the Rule 1 of the Tennessee Rules of Civil Procedure, Rule 11 of the Tennessee Rules of Civil Procedure does not apply.
>
> The Court is of the opinion that this appeal is "heard *de novo* in the circuit court." Tenn. Code Ann. § 27-5408 (c); *see also* Tenn. Code Ann. § 16-15-729 (2009) ("The trial shall be de novo, including damages."). As the Supreme Court has explained:

> > "De novo appeals from the general sessions courts differ from other types of appellate proceedings. The circuit court does not review the general sessions court's decision. Rather, it provides the parties an entirely new trial as if no other trial had occurred and as if the case had originated in the circuit court."

> ***Ware v. Meharry Med. Coll.***, 898 S.W.2d 181, 184 (Tenn. 1995) (citations omitted). Moreover, regarding de novo appeals from General Sessions court to Circuit Court, the Tennessee Supreme Court has held:

> > "It is the opinion of this Court that the Tennessee Rules of Civil Procedure are applicable, insofar as pertinent, to cases appealed to the circuit court from the general sessions court, but that the Rules do not require the filing of written pleadings, issuance of new process, or any other steps which have been completed prior to the appealing of the case to the circuit court."

*Vinson v. Mills*, 530 S.W.2d 761, 765 (Tenn. 1975); *see also **Brown v. Roland***, 357 S.W.3d 614, 618 (Tenn. 2012). Lastly, T.C.A. § 16-15-729 states as follows:

> "**No civil case**, originating in a general sessions court and carried to a higher court, **shall be dismissed by such court for any informality whatever**, but shall be tried on its merits; and the court shall allow all amendments in the form of action, the parties thereto, or the statement of the cause of action, necessary to reach the merits, upon such terms as may be deemed just and proper. The trial shall be de novo, including damages."

T.C.A. § 16-15-729. (emphasis added).

> As result of the statutes, the Court is of the opinion that [Appellant's] Motion is not well taken and shall be **DENIED**.

Appellant thereafter requested permission from the trial court to file an interlocutory appeal, which was denied on July 7, 2025. Appellant next requested permission from this Court to file an extraordinary appeal. Although Appellee responded in opposition to the request, it was granted on August 8, 2025, as to the following issue: "Whether the Circuit Court erred in denying a motion to dismiss an appeal from General Sessions Court, where the notice of appeal was filed by a pro se individual on behalf of a Tennessee Limited Liability Corporation."

**II.**

The only issue in this case is whether the notice of appeal filed by Mr. Gaston was sufficient to confer jurisdiction on the trial court. Subject matter jurisdiction concerns "a court's lawful authority to adjudicate a controversy brought before it[,]" is dependent on the nature of the action and the relief sought, and is determined by reference to the authority granted to the court by the constitution or the General Assembly. ***Chapman v. DaVita, Inc.***, 380 S.W.3d 710, 712 (Tenn. 2012) (citing ***Meighan v. U.S. Sprint Commc'ns Co.***, 924 S.W.2d 632, 639 (Tenn. 1996); ***Landers v. Jones***, 872 S.W.2d 674, 675 (Tenn. 1994); ***Kane v. Kane***, 547 S.W.2d 559, 560 (Tenn. 1977)). When challenged, the party asserting that the court has subject matter jurisdiction over the controversy bears the burden of proof. *Id.* (citing ***Redwing v. Catholic Bishop for the Diocese of Memphis***, 363 S.W.3d 436, 445 (Tenn. 2012)). As the "determination of whether subject matter jurisdiction exists is a question of law, our standard of review is de novo, without a presumption of correctness." ***Northland Ins. Co. v. State***, 33 S.W.3d 727, 729 (Tenn. 2000) (citing ***Nelson v. Wal-Mart Stores, Inc.***, 8 S.W.3d 625, 628 (Tenn. 1999)).

Appeals from general sessions court are governed by statute. *See Griffin v. Campbell Clinic, P.A.*, 439 S.W.3d 899, 902 (Tenn. 2014). Tennessee Code Annotated section 27-5-108(a) provides: "Any party may appeal from a decision of the general sessions court to the circuit court of the county within a period of ten (10) days on complying with this chapter." "The timely filing of a notice of appeal of the general sessions court's judgment is mandatory 'and if it is not complied with the [circuit] court has no jurisdiction over the case.'" *Wells Fargo Bank, N.A. v. Dorris*, 556 S.W.3d 745, 749 (Tenn. Ct. App. 2017) (quoting *Love v. Coll. Level Assessment Servs., Inc.*, 928 S.W.2d 36, 38 (Tenn. 1996). "If the appeal is not perfected within the ten-day period, the general sessions court's judgment becomes final and execution may issue." *Griffin*, 439 S.W.3d at 902 (citing Tenn. Code Ann. § 27-5-108(d)).

In this case, there is no dispute that a notice of appeal was filed within ten days of the general sessions court's judgment. The dispute involves whether the notice of appeal was filed by a party or a person permitted to act on behalf of a party. Here, throughout the trial court proceedings, Appellant maintained that Mr. Gaston was not permitted to file the notice of appeal on behalf of Appellee, an LLC, because only lawyers are permitted to represent corporations in court proceedings in Tennessee. We agree.

Initially, we note that while a person who is not an attorney "'may conduct and manage *the person's own case* in any court of this state' . . . this right of self-representation extends only to the individual's right to conduct and manage his or her *own* case[.]" *Beard v. Branson*, 528 S.W.3d 487, 495 (Tenn. 2017) (quoting Tenn. Code Ann. § 23-1-109 (2009)). "[A] non-attorney may not conduct litigation on behalf of an entity or another individual, because doing so would constitute the unauthorized practice of law." The Tennessee Supreme Court applied this general rule to a corporation in *Old Hickory Engineering & Machine Co. v. Henry*, explaining

> A corporation is an artificial entity, which "cannot act or speak except through natural persons duly authorized." *Great Am. Indem. Co. v. Utility Contractors, Inc.*, 21 Tenn. App. 463, 471, 111 S.W.2d 901, 907 (Tenn. App. 1937). Since a corporation is an entity separate and distinct from its officers and shareholders, the provision of [section] 23-1-109 [], that "[a]ny person may conduct and manage the persons own case in any court of this state," is not applicable to corporations, even when the person undertaking to act for the corporation is an officer or a shareholder. 9A William M. Fletcher, *Fletcher Cyclopedia of the Law of Private Corporations* § 4463 (*perm. ed.* rev. 1992). *See generally* Annotation, *Propriety and Effect of Corporation's Appearance Pro Se Through Agent Who is Not Attorney*, 8 A.L.R.5th 653 (1992).

937 S.W.2d 782, 785 (Tenn. 1996). The Tennessee Supreme Court therefore held that the president of a corporation was not permitted to file a complaint on behalf of a corporation,

as the president making the affirmations required under Rule 11 of the Tennessee Rules of Civil Procedure[2] would constitute the unauthorized practice of law. *See also Third Nat'l Bank in Nashville v. Celebrate Yourself Prods., Inc.*, 807 S.W.2d 704, 706 (Tenn. Ct. App. 1990) ("When a corporation is a party to a lawsuit, these statutes imply a representation that is distinct from an officer or other corporate employee. It is well established that a corporation cannot practice law, nor can it employ a licensed practitioner to practice for it." (internal citation omitted) (citing Tenn. Sup. Ct. R. 7, § 1.01 ("No person shall engage in the 'practice of law' or the 'law business' in Tennessee, except pursuant to the authority of this court, as evidenced by a license issued in accordance with this Rule, or in accordance with the provisions of this Rule governing special or limited practice."))).

We later applied the rule to a notice of appeal filed with this Court in *Elm Children's Educational Trust v. Wells Fargo Bank, N.A.*, 468 S.W.3d 529 (Tenn. Ct. App. 2014). In *Elm Children's Educational Trust*, a complaint was filed by a trustee on behalf of the trust in February 2011; at the time of the filing of the complaint, the trustee was a licensed Tennessee attorney. *Id.* at 530. The trustee was disbarred in July 2012, and the trust was represented by another attorney in the trial court. *Id.* Eventually, the trial court granted summary judgment in favor of the defendant bank. *Id.* In November 2013, the trust purportedly filed a notice of appeal to this Court; the notice was signed only by the non-attorney trustee. *Id.*

Citing *Old Hickory*, this Court held that like a corporation, a trust and its trustee "are two separate entities. They are not interchangeable." *Id.* at 533. Given this fact, the court explained,

> it follows that, while ideally their interests would be harmonious, in reality their interests may not be so. Thus, we find that a situation wherein a non-attorney trustee is attempting to represent a trust in court is analogous to a situation wherein a non-attorney corporate officer or shareholder is attempting to represent a corporation in court.

*Id.* We therefore held that a non-attorney trustee "may not represent a trust in our Tennessee

---

[2] Rule 11 states, in relevant part, that

> Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading, motion, or other paper and state his address. . . . The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

courts" and that this meant that the non-attorney could not sign a notice of appeal as required by Rule 11 on behalf of a trust.[3] *Id.* Because the notice of appeal "was insufficient to initiate an appeal on behalf of the Trust" we dismissed the appeal for lack of jurisdiction. *Id.* More recently, Tennessee courts have confirmed that "a filing by a non-attorney that purports to represent another person or entity is not sufficient to vest the court with jurisdiction over the claim." ***Owen v. Grinspun***, 661 S.W.3d 70, 85 (Tenn. Ct. App. 2022) (citing ***Bivins v. Hosp. Corp. of Am.***, 910 S.W.2d 441, 447 (Tenn. Ct. App. 1995) (citing 7 C.J.S. Attorney and Client § 31, p. 869, n. 13 ("[P]roceedings in a suit by a person not entitled to practice are a nullity."))); *see also* ***Aurora Loan Servs. LLC v. Elam***, No. W2015-01097-COA-R3-CV, 2016 WL 659821, at *3 (Tenn. Ct. App. Feb. 18, 2016) ("Because Mr. Elam, individually, is not aggrieved by the trial court's order, and because he cannot perfect an appeal on behalf of the Trust, the appeal is dismissed.").

In the trial court and on appeal, Appellant has maintained that ***Old Hickory*** and ***Elm Children's Education Trust*** together stand for the proposition that only an attorney may file a notice of appeal on behalf of a corporation in Tennessee's courts. In the trial court, Appellee responded that ***Elm*** involved a notice of appeal filed in circuit court and therefore subject to the provisions of Tennessee Rule of Civil Procedure 11. Because Appellee's notice of appeal was filed in the general sessions court, Appellee contends that Rule 11 is inapplicable and that instead Tennessee Code Annotated section 16-15-729 provides that informalities in a general sessions court action are not fatal to appeals therefrom.

We agree with Appellee that Rule 11 is not applicable to the proceedings at issue in the general sessions court. *See* Tenn. R. Civ. P. 1 (providing, inter alia, that "[t]he Rules of Civil Procedure shall not apply to general sessions courts except as follows: . . . *after* appeal or transfer of a general sessions civil lawsuit to circuit court" (emphasis added)). But that does not change the fact that under Tennessee law irrespective of Rule 11, LLCs, like other corporations, are separate entities from their members and shareholders. *See* ***Johnson v. Tanner-Peck, L.L.C.***, No. W2009-02454-COA-R3-CV, 2011 WL 1330777, at *13 (Tenn. Ct. App. Apr. 8, 2011) (holding that "a limited liability company exists separate and apart from its members"). A significant benefit of that corporate separateness is the legal protections afforded to members of LLCs. *See generally* Tenn. Code Ann. § 48-217-101 (noting that absent an exception, "a member, holder of financial interest, governor, manager, employee or other agent of an LLC does not have any personal obligation and is

---

[3] At the time that ***Elm Children's Educational Trust*** was decided, notices of appeal to this Court were to be filed in the trial court, thus making Rule 11 applicable. In 2017, the Tennessee Rules of Appellate Procedure were amended to require that notice of appeal to the appellate courts be filed with the clerk of the appellate court. *See generally* Tenn. R. App. P. 4(a). This Court has, in dicta, applied the holding in ***Elm Children's Education Trust*** to a notice of appeal filed after the amendment to Rule 4. *See* ***State v. Delinq. Taxpayers 2015***, No. W2020-00981-COA-R3-CV, 2021 WL 3046970, at *1 (Tenn. Ct. App. July 20, 2021) ("We also dismiss this appeal on the same ground because the trustee signed the notice of appeal on behalf of the trust, and a non-attorney may not represent a trust in our Tennessee courts." (citing ***Elm Child.'s Educ. Tr.***, 468 S.W.3d at 530)).

not otherwise personally liable for the acts, debts, liabilities, or obligations of the LLC"). Balancing that benefit, however, is the burden that a corporation "cannot act pro se in a court proceeding[,]" ***Old Hickory***, 937 S.W.2d at 785, and that an LLC "may only appear in court through counsel." ***Collier v. Greenbrier Devs., LLC***, 358 S.W.3d 195, 200 (Tenn. Ct. App. 2009) (quoting 83 Am. Jur. 2d *Limited Liability Companies* § 1). Indeed, we have held as such even when considering filings in this Court, to which Rule 11 does not apply. *See* ***Hamilton Cnty. v. Tax Year 2010 Delinq. Taxpayers***, No. E2024-01579-COA-R3-CV, 2026 WL 761468, at *7 (Tenn. Ct. App. Mar. 18, 2026) ("Pro se filings on appeal in such circumstances do not constitute valid participation in the appellate proceedings, and arguments raised under such circumstances are not properly raised before the court." (citing ***Faubion v. Sigerseth***, No. E2018-01556-COA-R3-CV, 2019 WL 2404818, at *1 (Tenn. Ct. App. June 7, 2019))).[4]

Moreover, even though Rule 11 is inapplicable in this case, that does not mean that there are no rules requiring that corporations be represented in Tennessee's general sessions courts. "Trial courts have clear authority to adopt local rules of practice to supplement the Tennessee Rules of Civil Procedure" so long as the local rules do not conflict with out applicable law ***Metro. Gov't of Nashville & Davidson Cnty. v. Cuozzo***, No. M2007-01851-COA-R3-CV, 2008 WL 3914890, at *4 (Tenn. Ct. App. Aug. 25, 2008) (citing Tenn. Sup. Ct. R. 18(a)).[5] Likewise, trial courts "have broad authority to control

---

[4] Obviously, the filing of a complaint or a brief involves professional judgment such that either action clearly constitutes the practice of law, which is prohibited for non-attorneys. *See generally* ***Beard***, 528 S.W.3d at 495 (citing ***Old Hickory***, 937 S.W.2d at 786; Tenn. Sup. Ct. R. 7, § 1.01; Tenn. Code Ann. § 23-3-103(a)) (noting that Tennessee law prohibits the unlicensed practice of law, which is defined as "the rendition of services for others that call for the professional judgment of a lawyer" (quoting ***Vandergriff v. ParkRidge E. Hosp.***, 482 S.W.3d 545, 553 (Tenn. Ct. App. 2015))). We recognize that caselaw exists that holds that non-attorneys may take some actions for others under express powers-of-attorney that do not involve "professional judgment"—including filling out pre-provided forms. *See, e.g.*, ***State f/b/o City of Columbia v. 2013 Delinq. Taxpayers***, No. M2017-01439-COA-R3-CV, 2018 WL 2175510, at *2–5 (Tenn. Ct. App. May 11, 2018) (involving a non-lawyer attorney-in-fact who filed a form motion to redeem property after a tax sale); ***Northcutt v. Northcutt***, No. M2006-00295-COA-R3-CV, 2007 WL 3332851, at *1 (Tenn. Ct. App. 2007) (involving a non-lawyer attorney-in-fact who filed a motion for service by publication on behalf of an incarcerated litigant); *see also* ***Est. of Green v. Carthage Gen. Hosp., Inc.***, 246 S.W.3d 582, 585 (Tenn. Ct. App. 2007) ("We hold that merely filing a claim against an estate is not the practice of law and, consequently, the claim filed herein by a corporate officer or employee was not the unauthorized practice of law. The claim was not void." (footnote omitted)). Clearly, this case does not involve actions taken by a non-attorney on behalf of another individual pursuant to a power-of-attorney or the filing of a claim against an estate. Moreover, at no time either in the trial court or on appeal has Appellee asserted that it was excused from the attorney requirement because the filing of a notice of appeal does not require the exercise of professional judgment. In any event, because the local rules applicable to this particular case required that Appellee be represented in the general sessions court, we need not evaluate this question in any depth. *But see* ***Jadair Inc. v. U.S. Fire Ins. Co.***, 209 Wis. 2d 187, 204, 562 N.W.2d 401, 407–08 (1997) ("The notice of appeal is the paper which invokes the appellate court's jurisdiction. A person who signs and files a notice of appeal on behalf of another, is rendering a legal service. . . . [T]he signing and filing of a notice of appeal on behalf of a corporation is the practice of law.").

[5] Rule 18(a) provides, in relevant part, that "[e]ach judicial district may also adopt other uniform

- 8 -

their dockets and the procedures in their courts." *Id.* (citing *Hessmer v. Hessmer*, 138 S.W.3d 901, 904 (Tenn. Ct. App. 2003)).

As Appellant points out in its brief, civil proceedings in the Shelby County General Sessions Court are governed by certain local rules, one of which provides that "[a] litigant, unless representing himself, must be represented by an attorney-at-law who holds a Tennessee law license." Shelby Cnty. Gen. Sessions Ct. Civ. Div. Local R. 7. Thus, Local Rule 7 explicitly requires that parties either represent themselves or be represented by licensed counsel. And because a corporation simply cannot represent itself "*pro se* in a court proceeding[,]" *Est. of Green*, 246 S.W.3d at 584, it follows that a corporation must be represented by licensed counsel throughout any civil proceedings in Shelby County's general sessions court.

Local Rule 7 therefore distinguishes this case from many of the cases in which courts of other jurisdictions have held that corporations need not be represented by attorneys in small claims courts. For example, in *Jadair Inc. v. United States Fire Insurance Co.*, the Wisconsin Supreme Court held that a non-lawyer corporate representative could not file a notice of appeal on behalf of a corporation and that such notice of appeal was fundamentally defective and deprived the appellate court of jurisdiction. 562 N.W.2d at 407–11. The court noted, however, that under a Wisconsin statute, corporations were permitted to act without attorneys in small claims court. *Id.* at 405 n.10 (citing Wis. Stat. § 799.06). Likewise, in *Feldman v. Mazzei*, 166 Misc. 2d 69, 631 N.Y.S.2d 241 (1995), the New York District Court recognized that a statute provided that any authorized employee may appear for a corporation in small claims court. *Id.* at 241–42; *see also, e.g.*, *Merco Constr. Eng'rs, Inc. v. Mun. Ct.*, 21 Cal. 3d 724, 730, 581 P.2d 636, 640 (1978) ("We recognize, of course, that corporations are represented in small claims court by persons who are not members of the State Bar. Such representation is authorized by statute[.]"); *Oahu Plumbing & Sheet Metal, Ltd. v. Kona Const., Inc.*, 60 Haw. 372, 379, 590 P.2d 570, 575 (1979) ("Although we recognize that corporations may be represented by non-attorney agents in Small Claims court, such representation is provided for by statute[.]"); *Turkey Point Prop. Owners' Ass'n, Inc. v. Anderson*, 106 Md. App. 710, 716, 666 A.2d 904, 907 (1995) (noting a statute that allows a non-attorney to appear before small claims court on behalf of a corporation); *Varney Enters., Inc. v. WMF, Inc.*, 402 Mass. 79, 81, 520 N.E.2d 1312, 1313 (1988) (relying on a small claims court procedural rule that stated: "The role of the attorney may be limited by the court. Others, in addition to attorneys, may be permitted to assist or appear on behalf of the parties." (citation omitted)); *Walacavage v. Excell 2000, Inc.*, 331 Pa. Super. 137, 143, 480 A.2d 281, 284 (1984) (recognizing a statutory exception to the rule that corporations

---

rules not inconsistent with the statutory law, the Rules of the Supreme Court, the Rules of Appellate Procedure, the Rules of Civil Procedure, the Rules of Criminal Procedure, the Rules of Juvenile Procedure, and the Rules of Evidence." "[A]ny local rule that is inconsistent with a statute or a procedural rule promulgated by the Supreme Court[,]" however, "shall be invalid." Tenn. Sup. Ct. R. 18(c).

must be represented by counsel that allows a corporate defendant to appear without counsel if the claim against it is less than $300.00). *But see* **In re Unauthorized Prac. of L. Rules Proposed by S.C. Bar**, 309 S.C. 304, 306, 422 S.E.2d 123, 124 (1992) (holding, without reliance on a statute, that "a business [may] be represented by a non-lawyer officer, agent or employee . . . in civil magistrate's court proceedings").

Not only does Tennessee not have any small claims statutes or rules that expressly permit a corporate entity to appear in our general sessions courts without counsel, the civil division of the Shelby County General Sessions Court has adopted a local rule that expressly requires that corporations be represented by counsel to appear before it. As a result, this situation more closely aligns with those cases in which courts have held that corporations are not excused from the attorney requirement simply because of the informal nature of the court in which the action is pending. *See, e.g.*, **Tom Edwards Chevrolet, Inc. v. Air-Cel, Inc.**, 13 Ill. App. 3d 378, 300 N.E.2d 312 (1973) (holding that a corporation may only appear via counsel, even in small claims court); **Real Est. Buyer's Agents, Inc. v. Foster**, 234 Ill. App. 3d 257, 260, 600 N.E.2d 83, 85 (1992) (holding, based on a supreme court rule enacted after **Tom Edwards Chevrolet**, that "[b]ecause plaintiff, a corporation, was not represented by counsel, as required by the rule, the complaint was properly dismissed"); **Stillwell v. Deer Park Mgmt.**, 873 N.E.2d 647, 649 (Ind. Ct. App. 2007) (holding that corporation must be represented by counsel based on a rule applicable to small claims courts, but holding that the failure to be represented during pre-trial matters did not require reversal of judgment following bench trial in which corporation was represented). As a result, there is no authority or reasoning that convinces us that we should depart from the generally held principle that corporations may not act in Tennessee courts without the benefit of an attorney.

To the extent that Appellee asserts that dismissing an appeal on the basis that a non-attorney filed a notice of appeal on behalf of corporate entity, under the above local rule or otherwise, violates section 16-15-729, we respectfully disagree. For one, the requirement that a party perfect an appeal within ten days of the general sessions court's judgment is not a "mere technical formality[.]" **Discover Bank v. McCullough**, No. M2006-01272-COA-R3-CV, 2008 WL 245976, at *5 (Tenn. Ct. App. Jan. 29, 2008) (quoting **Love**, 928 S.W.2d at 38). Rather it is a jurisdictional prerequisite to the circuit court's ability to hear an appeal from general sessions court. **Id.**; *see also* **Wells Fargo Bank**, 556 S.W.3d at 749.

Moreover, this Court has previously upheld the dismissal of a general sessions appeal because the appellant failed to comply with a local rule. Specifically, in **Metropolitan Government of Nashville & Davidson County v. Cuozzo**, the trial court dismissed an appeal from general sessions court after the appellant failed to comply with a local rule requiring that he obtain a trial date within forty-five days of perfecting his appeal. 2008 WL 3914890, at *1. On appeal, the appellant argued that the dismissal violated section 16-15-729. But we held that the "appeal was not dismissed because of an 'informality' contemplated under [section] 16-15-729." **Id.** at *4. Instead, we explained

that "[t]he statute does not abrogate a circuit court's authority to dismiss an appeal for failure to comply with a rule of procedure like [the local rule at issue]." ***Id.***

The same is true in this case. Local Rule 7 merely confirms the general principle that corporations typically cannot act or appear in Tennessee's courts without the benefit of licensed counsel and expressly applies that rule to Shelby County's civil general sessions courts. Thus, in the same way that Rule 11 meant that a notice of appeal filed by non-attorney on behalf of corporation did not perfect the appeal in ***Elm Educational Trust***, Rule 7 means that Mr. Gaston's notice of appeal did not perfect Appellee's appeal in this case. In other words, the filing of a timely notice of appeal by a proper party is not an "informality" that can be excused under section 16-15-729, as the filing of a notice of appeal by one not authorized to do so does not vest jurisdiction in the appellate court. *See* ***Owen***, 661 S.W.3d at 85; ***Elm Child.'s Educ. Tr.***, 468 S.W.3d at 530; ***Aurora Loan Servs.***, 2016 WL 659821, at *3. Here, the notice of appeal was filed and signed by Mr. Gaston. But Mr. Gaston was not a party to the general sessions action. And because he was not a licensed attorney, he was not permitted to act on behalf of Appellee, an LLC. So then, the trial court erred in concluding that a notice of appeal filed by the non-attorney member of an LLC was sufficient to perfect the appeal and confer jurisdiction on the trial court.

Yet this finding does not end our analysis. On appeal, Appellee has advanced an entirely new argument: that Appellee is not in fact a limited liability corporation, but a sole proprietorship. Specifically, Appellee contends on appeal that Appellant did not sue a corporate entity, but a sole proprietorship, pointing to the civil warrant and the documents filed in connection with the general sessions court proceeding, all of which name the defendant as only "Airways Towing & Recovery." Thus, Appellee asserts that the only party to the general sessions court judgment was the sole proprietorship Airways Towing & Recovery, and that Mr. Gaston was permitted to act on behalf of his sole proprietorship pro se.

The problem with this argument, however, is that it is directly at odds with the argument that Appellee advanced in the trial court. It is true that Appellant did not characterize Appellee as an LLC in the general sessions court proceedings. Rather, it was Appellee that first asserted that it was an LLC: the notice of appeal from the general sessions court to the trial court was filed in the name of "Timothy Gaston/Airways Towing & Recovery, LLC." Elsewhere in the trial court, Appellee referred to itself both as Airways Towing & Recovery and Airways Towing & Recovery, LLC.[6] So then, the premise that Appellee was incorporated began not with an unsupported allegation by Appellant in the trial court, but through Appellee's own characterization in its notice of appeal. It has long been held in Tennessee that parties are bound by their own admissions. *See* ***House v. Wakefield***, 42 Tenn. 325, 327 (1865) ("The principle is a familiar one that the parties are

---

[6] For example, the caption of Appellee's response to the motion to dismiss was "Airways Towing & Recovery, LLC's Response in Opposition to Plaintiff's Motion to Dismiss."

bound, and even estopped, by their solemn admission of record made in a cause, either in the pleadings or otherwise."); *see also Old Hickory Coaches, LLC v. Star Coach Rentals, Inc.*, 652 S.W.3d 802, 813–14 (Tenn. Ct. App. 2021) ("[A]dmissions in pleadings are judicial admissions that are conclusive on the pleader until withdrawn or amended. It is important to recognize, however, that this principle extends to admissions in pleadings regarding issues of *fact*." (citations and quotation marks omitted)). Thus, the only notice of appeal filed in this case was filed by an LLC.[7]

Certainly, we can see how the notice of appeal may have been mistakenly captioned as filed on behalf of an LLC. In response to the motion to dismiss filed by Appellant on this issue, proof could easily have been presented to demonstrate that Appellant's argument was predicated on an incorrect understanding of Appellee's business structure, and the appeal could have proceeded. But Appellee never asserted in either its written response to the motion to dismiss or the hearing on the motion to dismiss that it was a sole proprietorship or that Appellant's characterization of it as an LLC was incorrect. Nor did Appellee ever submit any proof to support its claim that it incorrectly characterized itself as an LLC in its own notice of appeal or that Mr. Gaston was the owner of Airways Towing & Recovery as a sole proprietorship. Indeed, Appellee failed to raise this argument even as late as the response in opposition to Appellant's application for permission to file an extraordinary appeal, leading this Court to grant Appellant's application premised on the fact that the notice of appeal was filed by a non-attorney on behalf of an LLC.[8] Rather, this argument was raised for the first time in Appellee's brief to this Court. Every argument made by Appellee prior to briefing essentially took as given that Appellee was an LLC but argued that the notice of appeal filed by the LLC's member was not prohibited by Rule 11 or was otherwise an "informality" amendable under section 16-15-729.

Generally, a party is not entitled to raise a new argument for the first time on appeal, *see Dog House Invs., LLC v. Teal Props., Inc.*, 448 S.W.3d 905, 915 (Tenn. Ct. App. 2014) or to take inconsistent positions in the course of the same judicial proceeding. *See S. Sec. Fed. Credit Union v. Cumis Ins. Soc., Inc.*, No. W2004-02700-COA-R3-CV, 2005

___

[7] At oral argument, Appellee asserted that there was both an Airways Towing & Recovery sole proprietorship and an Airways Towing & Recovery, LLC, and that Appellant sued only the sole proprietorship. But there can be no dispute that the notice of appeal was filed in the name of an LLC. Thus, even taking Appellee's argument at face value, it appears that it is asserting that the only timely notice of appeal filed in this action was filed by a non-party to the general sessions court judgment. Obviously, a non-party cannot appeal a judgment that it was not aggrieved by. *See Clark v. Perry*, No. 02A01-9704-CH-00080, 1998 WL 34190562, at *7 (Tenn. Ct. App. March 19, 1998) ("Only a party aggrieved by the trial court's order may appeal and obtain review of that order.").

[8] Indeed, in its response to the Rule 10 application, which is captioned as having been filed on behalf of an LLC, Appellee discusses Appellant's assertion that Mr. Gaston is the sole member and authorized representative of the LLC, and then asks "how is a 'corporation' supposed to appeal a general sessions court judgment, a court that is not a 'court of record,' and a court where the Rules of Civil Procedure do not apply except as to Rule 69 governing execution or judgments?" Clearly then, Appellee's answer to the application did not assert that Appellee was not a corporate entity.

- 12 -

WL 3527662, at *9 (Tenn. Ct. App. Dec. 27, 2005) (quoting C.J.S. *Estoppel and Waiver* § 140 (1996) ("Generally, a party is estopped to assume inconsistent positions in the course of the same judicial proceeding.")). As the Tennessee Court of Criminal Appeals has explained a party "cannot raise an issue for the first time on appeal nor can they change their arguments on appeal. *State v. Hardison*, 680 S.W.3d 282, 309 (Tenn. Crim. App. 2023) (citations omitted). "In other words, 'a party may not take one position regarding an issue in the trial court, change his strategy or position in mid-stream, and advocate a different ground or reason' on appeal." *Id.* (quoting *State v. Dobbins*, 754 S.W.2d 637, 641 (Tenn. Crim. App. 1988)); *see also* *Fagg v. Benton Motor Co.*, 193 Tenn. 562, 564, 246 S.W.2d 978, 979 (1952) ("It is elementary that a party who has unsuccessfully pursued one course in the Trial Court, cannot change his theory and present a different and inconsistent case on appeal."); *Dupwe v. Wallace*, 355 Ark. 521, 530, 140 S.W.3d 464, 470 (2004) ("[A] party cannot . . . take inconsistent positions and play fast and loose with the court." (citation omitted)).

We understand that Appellee was merely defending against a motion to dismiss in this case. However, once the issue of subject matter jurisdiction was raised by Appellant, the burden shifted to Appellee to demonstrate that subject matter jurisdiction was proper. *See Chapman*, 380 S.W.3d at 712 (noting that the party asserting that subject matter jurisdiction exists bears the burden of proof). As such, it was Appellee's responsibility to raise this argument in the trial court in order to defend against Appellant's motion to dismiss and properly preserve this argument for appeal. This is not the case where a party has expanded a previously raised argument on appeal or cited additional legal authority in support of its arguments, as Appellant has certainly done in this appeal. Here, Appellee is raising a new argument that is premised on an entirely different factual situation than the framework the parties were operating under throughout the trial court proceedings. Tennessee law provides that to allow a party to raise a new argument on appeal under these circumstances would be to essentially "encourage trial and/or appeal by ambush." *Smithwick v. Young*, 623 S.W.2d 284, 293 (Tenn. Ct. App. 1981). It would therefore be entirely unfair to allow Appellee to raise this new argument in this appeal.[9] *Cf. State v. Bristol*, 654 S.W.3d 917, 924 (Tenn. 2022) (noting that fairness requires that parties must have a meaningful opportunity to participate in the adjudicative process and deciding cases outside of the framework that had previously been set by the parties contributes to negative views of the judicial system). We conclude that Appellee's argument that it is not a corporate entity has been waived and therefore consider this case under the framework that was established in the trial court.

In sum, a notice of appeal was filed in this case on behalf of a corporate defendant by a non-attorney. But in Tennessee courts, particularly the civil division of the Shelby

---

[9] As counsel for Appellant stated at oral argument about this argument: "I was kind of surprised by it because, candidly, that's the first time, as I recall, that we've ever seen or heard it. And I don't think it's proper to raise a new issue, if you will, on appeal."

- 13 -

County General Sessions Court, corporate entities cannot act without the benefit of licensed counsel.[10] "An attempted appeal of a person not licensed to practice law, purporting to represent another, will be dismissed." *Bivins*, 910 S.W.2d at 447. So the trial court erred in failing to grant Appellant's motion to dismiss the appeal from the general sessions court.[11]

## III.

The judgment of the Shelby County Circuit Court is reversed, and this cause is remanded with instructions to dismiss Appellee's appeal. Costs of this appeal are taxed to Appellee, Airways Towing & Recovery, LLC, for which execution may issue, if necessary.

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE

---

[10] Our decision herein is limited to notices of appeal filed in the civil division of the Shelby County General Sessions Court.

[11] At the conclusion of its brief, Appellant asks for attorney's fees incurred on appeal. However, Appellant cites no law to support such a request. We therefore deny Appellant's request for attorney's fees incurred on appeal. We note that Appellant requested attorney's fees under section 20-12-119 in the trial court. That request is properly directed to the trial court upon remand.